THE STATE OF OHIO, APPELLEE, *v*. FORD, APPELLANT.

[Cite as *State v. Ford,* 128 Ohio St.3d 398, 2011-Ohio-765.]

*Criminal law — Allied offenses of similar import — The criminal offense of discharging a firearm at or into a habitation as defined in R.C. 2923.161 and a firearm specification as defined in R.C. 2941.145 are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense — Penalties for a specification and its predicate offense do not merge under R.C. 2941.25.*

(No. 2010-0235 — Submitted January 18, 2011 — Decided February 24, 2011.)

CERTIFIED by the Court of Appeals for Licking County, No. 08 CA 158, 2009-Ohio-6724.

_____

**SYLLABUS OF THE COURT**

1.  The criminal offense of discharging a firearm at or into a habitation as defined in R.C. 2923.161 and a firearm specification as defined in R.C. 2941.145 are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense.

2.  Penalties for a specification and its predicate offense do not merge under R.C. 2941.25.

_____

**LUNDBERG STRATTON, J.**

**Introduction**

{¶ 1}  In this appeal, we must determine whether discharging a firearm into a habitation in violation of R.C. 2923.161 and a firearm specification

pursuant to R.C. 2929.14(D) and 2941.145 are allied offenses of similar import as defined in R.C. 2941.25(A). We answer that question in the negative and affirm the judgment of the court of appeals.

## Facts and Procedural Posture

{¶ 2} The state charged Aaron Ford in a three-count criminal complaint with improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(1), inducing panic in violation of R.C. 2917.31(A)(3), and using a weapon while intoxicated in violation of R.C. 2923.15(A). The state also charged Ford with a firearm specification under count one, pursuant to R.C. 2941.145 and 2929.14(D), which set forth additional penalties for the use of a gun while committing an offense. A jury found Ford guilty of all charges and found that he did have a firearm while committing the offense of improperly discharging a firearm at or into a habitation. The trial court sentenced Ford to three years in prison on count one, 30 days in prison on count two, and 30 days in prison on count three. The sentences for counts two and three were to be served concurrently with the sentences for count one. The trial court also imposed a mandatory three-year sentence for the firearm specification, to be served prior to and consecutively to the sentence for count one.

{¶ 3} Ford appealed, arguing that discharging a firearm at or into a habitation and the accompanying firearm specification were allied offenses of similar import under R.C. 2941.25(A) and therefore he could be sentenced for only one of the two offenses. The court of appeals held that a firearm specification did not charge a criminal offense and therefore R.C. 2941.25 was not applicable. *State v. Ford*, Licking App. No. 2008 CA 158, 2009-Ohio-6724, ¶ 54.

{¶ 4} Ford filed a notice of conflict alleging that the court of appeals' decision conflicted with the Eighth District Court of Appeals' decision in *State v. Elko*, Cuyahoga App. No. 83641, 2004-Ohio-5209. We determined that a conflict

existed regarding "[w]hether discharging a firearm at or into a habitation (R.C. 2923.161), and a firearm specification (R.C. 2929.14(D), R.C. 2941.145) are allied offenses of similar import as defined in R.C. 2941.25(A)." We answer that question in the negative.

## Analysis

{¶ 5} Ford argues that the crime of discharging a firearm at or into a habitation under R.C. 2923.161 and an accompanying firearm specification under R.C. 2941.145(D) and 2929.14(D) are allied offenses of similar import under R.C. 2941.25. The state argues that a firearm specification is not a criminal offense and that R.C. 2941.25 does not apply.

{¶ 6} We begin our analysis by examining R.C. 2941.25, which provides:

{¶ 7} "(A) Where the same conduct by defendant can be construed to constitute two or more allied *offenses* of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 8} "(B) Where the defendant's conduct constitutes two or more *offenses* of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." (Emphasis added.)

{¶ 9} R.C. 2941.25 states that "multiple offenses" of similar import must merge. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50. Thus, before we determine whether improperly discharging a firearm into a habitation and the use of a firearm to facilitate a felony are allied offenses of similar import, we must determine whether the firearm specification is a criminal offense.

**{¶ 10}** In Ohio, all criminal offenses are statutory, and the elements necessary to constitute a crime must be gathered wholly from the statute. *State v. Draggo* (1981), 65 Ohio St.2d 88, 91, 19 O.O.3d 294, 418 N.E.2d 1343. "An offense is defined when one or more sections of the Revised Code state a *positive* prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty." (Emphasis added.) R.C. 2901.03(B). See *State ex rel. Quality Stamping Prods. v. Ohio Bur. of Workers' Comp.* (1998), 84 Ohio St.3d 259, 264, 703 N.E.2d 309.

**{¶ 11}** R.C. 2941.145, one of the two statutes under which Ford was sentenced for the firearm specification, provides:

**{¶ 12}** "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information *charging the offense* specifies that the offender had a firearm on or about the offender's person or under the person's control *while committing the offense* and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." (Emphasis added.)

**{¶ 13}** R.C. 2929.14(D)(1)(a), the second statute under which Ford was sentenced for the firearm specification, provides:

**{¶ 14}** "Except as provided in division (D)(1)(e) of this section, if an offender *who is convicted of or pleads guilty to a felony* also is convicted or pleads guilty to a specification of the type described in section * * * 2941.145 of the Revised Code, the court shall impose * * *:

**{¶ 15}** "(ii) A prison term of three years if the specification is of the type described in section R.C. 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the

4

firearm, indicating that the offender possessed the firearm, or using the firearm to facilitate the offense." (Emphasis added.)

{¶ 16} Read together, the language in these provisions indicates that the firearm specification is contingent upon an underlying felony conviction. Thus, R.C. 2941.145 and 2929.14(D) do not contain a positive prohibition of conduct, as required by R.C. 2901.03(B). Instead, these provisions indicate that *if* a defendant is convicted of a felony offense and, during the commission of that offense, *if* the defendant displays, indicates possession of, or uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased by three years. In other words, the statutes do not state that a defendant shall not use a firearm during the commission of a crime: they state that when a firearm is used, an additional penalty will be imposed. Thus, the firearm specification is merely a sentencing provision that requires an enhanced penalty upon certain findings. We hold that R.C. 2941.145 and 2929.14(D) define a sentence enhancement that attaches to a predicate offense. See *State v. Stevens*, 2nd Dist. No. 23817, 2010-Ohio-4766, ¶ 18; *State v. Vasquez* (1984) 18 Ohio App.3d 92, 95, 18 OBR 455, 481 N.E.2d 640; *State v. Gilbert*, 8th Dist. No. 90615, 2009-Ohio-463, ¶ 16; *State v. Cook*, 9th Dist. No. 24058, 2008-Ohio-4841, ¶ 8; *State v. Wiffen* (Sept. 12, 1986), 11th Dist. No. 3560, 1986 WL 9989, *5.

{¶ 17} Moreover, the placement of R.C. 2941.145 and 2929.14 within the Revised Code confirms that the firearm specification is merely a sentence enhancement, not a separate criminal offense. Typically, criminal offenses are grouped within a discrete chapter of the Revised Code. For example, R.C. Chapter 2903 addresses homicide and assault; within that chapter are statutory provisions that define criminal offenses such as aggravated murder, R.C. 2903.01; murder, R.C. 2901.02; assault, R.C. 2903.13; and aggravated menacing, R.C. 2903.21.

**{¶ 18}** In contrast, R.C. 2941.145 appears in R.C. Chapter 2941, which addresses the indictment, and R.C. 2929.14(B) appears in R.C. Chapter 2929, which addresses penalties and sentencing. Generally, provisions within R.C. Chapter 2941 address the content that is required in an indictment, and provisions within R.C. Chapter 2929 address sentencing. Notably, no provisions within either chapter appear to define a criminal offense.

**{¶ 19}** R.C. 2941.25 requires the merger of two or more allied offenses of similar import. However, the criminal offense of discharging a firearm at or into a habitation under R.C. 2923.161 and a firearm specification as defined in R.C. 2941.145 are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense. Penalties for a specification and its predicate offense do not merge under R.C. 2941.25. Consequently, the sentences for discharging a firearm at or into a habitation and for the firearm specification are not merged.

### Conclusion

**{¶ 20}** We hold that the trial court properly sentenced Ford both for discharging a firearm at or into a habitation and for the firearm specification. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Kenneth W. Oswalt, Licking County Prosecuting Attorney, and Daniel H. Huston, Assistant Prosecuting Attorney, for appellee.

Morrow, Gordon & Byrd, Ltd., and Christopher M. Shook, for appellant.

_____