[Cite as *State v. Brady*, 2011-Ohio-1797.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   92510

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC BRADY

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-516655

**BEFORE:**   Boyle, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   April 14, 2011

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Thorin O. Freeman
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1} This appeal arises from our granting a limited reopening under App.R. 26(B). *State v. Brady*, Cuyahoga App. No. 92510, 2010-Ohio-242, reopening granted in part, 2010-Ohio-6014.

{¶ 2} "In *State v. Brady*, Cuyahoga County Court of Common Pleas Case No. CR-516655, applicant, Eric Brady, was convicted of R.C. 2923.161(A)(1), improperly discharging a firearm at or into habitation with one-year and three-year firearm specifications. The trial court merged the firearm specifications and imposed a three-year sentence on the

firearm specifications, as well as an additional three years on the base charge. This court affirmed that judgment in *State v. Brady*, Cuyahoga App. No. 92510, 2010-Ohio-242." 2010-Ohio-6014, ¶1.[1]

{¶ 3} In his pro se application for reopening, Brady contended "that his appellate counsel failed to assign as error that Brady could not be convicted of the firearm specification because use of a firearm is also an element of improperly discharging a firearm at or into habitation." Id. at ¶2. In support of his argument, Brady relied on *State v. Elko*, Cuyahoga App. No. 83641, 2004-Ohio-5209, in which "this court agreed with the argument of the defendant-appellant that the trial court erred by convicting and sentencing him on the three-year firearm specification in a count of improperly discharging a firearm into habitation." Id. at ¶4.

{¶ 4} The state acknowledged that Brady's appellate counsel was ineffective. "Nevertheless, the state argue[d] that this court should overrule *Elko* and adopt the holding of the Fifth District Court of Appeals in *State v. Ford*, Licking App. No. 2008 CA 158, 2009-Ohio-6725, at ¶48-65 (overruling appellant's assignment of error that 'the court erred in sentencing him consecutively on the offense of discharging a firearm at or into a habitation and on the firearm specification, as the offenses are allied offenses of similar import and

---

[1] Appellant's counsel quoted this paragraph at page 1 of appellant's brief and assignments of error, but without attribution.

consecutive sentencing, therefore, constitutes double jeopardy,' at ¶48)." Id. at ¶5.[2]

{¶ 5} We granted Brady's application for reopening, but limited the reopened appeal "to one assignment of error that deals with the issue of whether the trial court properly convicted and sentenced Brady on the three-year firearm specification." Id. at ¶7. The clerk supplemented the record, and the parties filed briefs.

{¶ 6} Appellant argues that this court should apply *Elko*.[3] The state acknowledges *Elko* but urges this court to overrule *Elko* and adopt the holding of the Fifth District in *Ford.*

{¶ 7} Ford appealed the decision of the Fifth District, and the Supreme Court affirmed in *State v. Ford*, Slip Opinion No. 2011-Ohio-765. A jury found Ford guilty of several charges including discharging a firearm at or into a habitation under R.C. 2923.161(A)(1) and a three-year firearm specification under R.C. 2941.145.

{¶ 8} "The criminal offense of discharging a firearm at or into a habitation as defined in R.C. 2923.161 and a firearm specification as defined in R.C. 2941.145 are not allied offenses of similar import as defined in R.C. 2941.25, because a firearm specification is a penalty enhancement, not a criminal offense." *Ford*, 2011-Ohio-765, paragraph one of the

---

[2] The correct citation for the Fifth District's decision in *Ford* is: 2009-Ohio-6724.

[3] Appellant assigned one error: "The trial court erred in convicting and sentencing for allied crimes of similar import which resulted in cumulative punishments violating the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution."

syllabus.

{¶ 9}  As was the case in *Ford*, Brady was convicted of improperly discharging a firearm at or into a habitation under R.C. 2923.161(A)(1) with a three-year firearm specification under R.C. 2941.145.  Ford and Brady also received the same sentence:  three years on the firearm specification to be served prior to and consecutively to the three years for improperly discharging a firearm at or into a habitation.  This case is, therefore, on all fours with *Ford*.  In light of the Supreme Court's holding in *Ford*, the trial court did not err by sentencing Brady on the firearm specification to a three-year term to be served prior to and consecutive to the three-year term on the base charge of   improperly discharging a firearm at or into a habitation.  *Ford* requires that we overrule Brady's assignment of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, J., CONCUR