[Cite as *State v. Roper*, 2013-Ohio-2176.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

    v.

DARNELL LYNN ROPER
KOTY HARRIS KEENER

    Appellees

C.A. Nos.    26631
               26632

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 11 11 3219 (A)
             CR 11 11 3219 (C)

DECISION AND JOURNAL ENTRY

Dated: May 29, 2013

---

BELFANCE, Presiding Judge.

{¶1}   Plaintiff-Appellant the State of Ohio appeals from the sentencing entries issued by the Summit County Court of Common Pleas concerning Defendant-Appellee Darnell Lynn Roper (case number 26631) and Defendant-Appellee Koty Harris Keener (case number 26632). For the reasons set forth below, we reverse and remand the matters for proceedings consistent with this opinion.

I.

{¶2}   Mr. Keener and Mr. Roper were separately indicted based upon allegations arising from the same incident.[1] Both Mr. Keener and Mr. Roper were indicted on one count of aggravated robbery with an attendant firearm specification and an attendant specification for participating in a criminal gang, one count of aggravated burglary with an attendant firearm

---

[1] Mr. Keener was a juvenile at the time of the incident at issue but was bound over from juvenile court.

specification and an attendant specification for participating in a criminal gang, and one count of participating in a criminal gang. Ultimately, both Mr. Keener and Mr. Roper pleaded guilty to the charges listed above and were each sentenced to an aggregate term of nine years in prison. Both Mr. Keener and Mr. Roper received a three-year sentence for each firearm specification; however, the firearm specifications were run concurrently to each other. The matters were consolidated for purposes of appeal, and the State has raised a single assignment of error for our review.

II.

THE TRIAL COURT ERRED IN NOT IMPOSING CONSECUTIVE SENTENCES ON THE SEPARATE FIREARM SPECIFICATIONS.

{¶3} The State asserts in its sole assignment of error that the trial court erred in failing to impose the two firearm specifications consecutively instead of concurrently. We do not agree with the State's contention, but do agree that the trial court's sentence is erroneous.

{¶4} We begin by noting, and as the State has correctly pointed out, that Mr. Keener's sentencing entry contains a clerical omission. At the sentencing hearing, the trial court determined that the offenses of aggravated burglary and aggravated robbery were allied and should merge, and it was determined at the hearing that the aggravated burglary charge would merge into the aggravated robbery charge. However, the sentencing entry does not reflect this merger. Accordingly, upon remand, the trial court shall enter, nunc pro tunc, an entry reflecting what occurred at the sentencing hearing with respect to merger. *See State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 13.

{¶5} Appellate courts apply a two-step approach in reviewing the sentence that a trial court has imposed upon a defendant. *State v. Evans,* 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 32, quoting *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4. "First, they must

examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish* at ¶ 4.

{¶6} In the instant matter, the State asserts that R.C. 2929.14 required the trial court to impose the three-year term for each of the two firearm specifications attendant to the aggravated burglary and aggravated robbery charges consecutively to each other, and the trial court erred by imposing them concurrently over the State's objection. Both the specifications for each individual were charged as violations of R.C. 2941.145.

{¶7} R.C. 2941.145(A) states that

[i]mposition of a three-year mandatory prison term upon an offender under division (B)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.

{¶8} At the time Mr. Roper and Mr. Keener were sentenced, R.C. 2929.14(B)(1)(a)(ii) (comparable to former R.C. 2929.14(D)(1)(a)(ii)) provided that, "[e]xcept as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section * * * 2941.145 of the Revised Code, the court shall impose on the offender * * * [a] prison term of three years * * * *."

{¶9} At the time of sentencing, the trial court merged Mr. Roper's and Mr. Keener's aggravated robbery and aggravated burglary offenses. The transcript of the sentencing hearing indicates that, for Mr. Keener, the offense of aggravated burglary was to merge into the offense

of aggravated robbery, whereas Mr. Roper's sentencing entry indicates that the offense of aggravated robbery merged into the offense of aggravated burglary. Neither side disputes that Mr. Roper and Mr. Keener could only be sentenced for one of the allied offenses – either aggravated robbery or aggravated burglary, depending on the election. *See State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17. Nonetheless, the State maintains that, despite the fact that Mr. Roper and Mr. Keener could each only be sentenced on one of the offenses, both Mr. Roper and Mr. Keener should be sentenced on both firearm specifications that accompanied the two offenses, and that the sentences on those specifications should be served consecutively. The State's argument defies logic and goes against sound principles established in Ohio precedent.

{¶10} The issue in this case is whether a court can sentence a defendant on specifications, either concurrently or consecutively, when the underlying offense that is the basis for the specifications merges into another offense. In order to address that question, we first observe that a specification is not a separate offense but is an enhanced penalty attendant to a criminal offense. *See State v. Ford,* 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 19. In examining whether an offense and a firearm specification were allied offenses of similar import pursuant to R.C. 2941.25, the Supreme Court of Ohio has examined former R.C. 2929.14(D)(1)(a), which is comparable to the version of R.C. 2929.14(B)(1)(a) in effect at the time of sentencing, and R.C. 2941.145 to determine whether the firearm specification at issue was an offense. *Ford* at ¶ 9-16. In concluding that the firearm specification was not an offense subject to R.C. 2941.25, the Supreme Court stated that, "the language in these provisions indicates that the firearm specification is contingent upon an underlying felony *conviction*." (Emphasis added.) *Ford* at ¶ 16. Normally, a conviction consists of both a finding of guilt and a sentence. *Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, at ¶ 13. In other words, "these provisions indicate that *if* a

defendant is convicted of a felony offense and, during the commission of that offense, *if* the defendant displays, indicates possession of, or uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased by three years." (Emphasis sic.) *Ford* at ¶ 16. Thus, a firearm specification is merely a sentencing provision that requires an enhanced penalty upon certain findings. *See id*. at ¶ 19.

{¶11} Here Mr. Roper and Mr. Keener could not be sentenced for both aggravated robbery *and* aggravated burglary because the trial court found them to be allied offenses of similar import, and, thus, they could only be convicted of one of the two offenses. *See Whitfield* at ¶ 13, 17. The firearm specifications were contingent on there being a conviction (i.e. finding of guilt and sentence) for the underlying offense and attach to the predicate offense. *See Ford* at ¶ 16. Moreover, the classification of a firearm specification as "penalty enhancement" inherently implies that there is an underlying penalty to enhance. *Ford* at ¶ 19. Thus, because one of the underlying offenses at issue merged into the other underlying offense, the merged offense could not be penalized. *See Whitfield* at ¶ 17. Unlike *Ford*, there is no dispute that the underlying offenses at issue in these cases were allied, and R.C. 2941.25 prohibits penalizing the defendants for the offense that merged. In Mr. Roper's case, he could be sentenced for aggravated burglary but not aggravated robbery. In Mr. Keener's case, he could be sentenced for the aggravated robbery but not the aggravated burglary. To allow sentences on their respective aggravated robbery and burglary firearm specifications, either concurrently or consecutively, would impermissibly impose an enhanced penalty based upon offenses for which they could not be sentenced. This is not to say that the firearm specification "merges" into the underlying offense, as such is not possible. *See Ford* at paragraph two of the syllabus. Instead, we simply hold that it is impermissible to sentence an offender for a specification when the underlying offense upon

which the specification is predicated has merged with another allied offense. To hold otherwise would result in improperly imposing a penalty enhancement under circumstances where there can be no sentence imposed for the underlying predicate offense. Thus, the trial court's act of sentencing Mr. Roper and Mr. Keener on specifications that were predicated on offenses that were merged is contrary to law.

{¶12} Pursuant to *Kalish*, having concluded that the sentences are clearly and convincingly contrary to law, this Court must reverse the trial court's sentence and remand for the trial court to resentence Mr. Roper and Mr. Keener. *See Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 15.

### III.

{¶13} In light of the foregoing, the judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for resentencing consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

LAWRENCE J. WHITNEY, Attorney at Law, for Appellee.

NICHOLAS JACK MARINO, Attorney at Law, for Appellee.