[Cite as *State v. Gilliam*, 2024-Ohio-3264.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240153 |
| | | TRIAL NO. B-2301255 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ALEX GILLIAM, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 28, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Schuh & Goldberg LLP*, and *Brian T. Goldberg*, for Defendant-Appellant.

Zᴀʏᴀs, **Judge.**

{¶1}   Alex Gilliam pled guilty to felonious assault, a second-degree felony, along with a one-year gun specification.  Gilliam was sentenced to a one-year prison term on the gun specification to be served prior to and consecutively to an indefinite prison term of two to three years for the felonious assault.  Gilliam appeals his sentence, arguing that the court erred by determining Gilliam was not eligible for a community-control sentence on the felonious-assault conviction and by failing to provide proper notices regarding the Reagan Tokes sentence.  For the following reasons, we affirm the trial court's judgment in part, reverse the judgment in part, and remand the cause to the trial court.

### Factual Background

{¶2}   Gilliam pled guilty to felonious assault in violation of R.C. 2903.11(A)(2) and a one-year gun specification.  Prior to the sentencing hearing, Gilliam filed a sentencing memorandum arguing that under R.C. 2929.13(F)(8), he was eligible for a community-control sentence on the felonious assault despite the mandatory prison term on the gun specification.  Specifically, Gilliam argued that the phrase "with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having a firearm" in R.C. 2929.13(F)(8) requires a sentence of incarceration for the gun specification, but permits the court to impose community control on the underlying felony.

{¶3}   In making this argument, Gilliam acknowledged our decision in *State v. Wofford*, 2019-Ohio-2815 (1st Dist.), which held that R.C. 2929.13(F)(8) mandates a prison sentence for a felony offense committed while the offender had a firearm on his

2

person or under his control. *Id.* at ¶ 6-10. Gilliam correctly noted that *Wofford* did not consider the phrase that forms the basis of his argument.

{¶4} At the sentencing hearing, the court expressed its frustration with its inability to impose community control on the felonious assault. Ultimately, the court determined that it was bound by *Wofford* and imposed a minimum sentence of two to three years on the felonious assault, in addition to a one-year mandatory prison term on the gun specification.

## R.C. 2929.13(F)(8)

{¶5} In his first assignment of error, Gilliam contends that the trial court erred by determining that he was ineligible for community control on the felonious-assault conviction because R.C. 2929.13(F)(8) requires a prison term on the gun specification but does not require a prison term for the underlying felony.

{¶6} R.C. 2929.13(F) states in relevant part: "[T]he court shall impose a prison term or terms under . . . section 2929.14 . . . and shall not reduce the term or terms [under certain sections of the Revised Code] for any of the following offenses[.]" The plain language of the statute requires a prison term for "any of the following offenses." Notably, a gun specification is a sentencing enhancement and not an offense. *See State v. Ford*, 2011-Ohio-765, ¶ 16 (a firearm specification is a sentencing enhancement that attaches to a predicate offense). Therefore, the statute requires a prison term for the offenses that follow.

{¶7} The applicable subsection here is R.C. 2929.13(F)(8), which states:

(8) Any offense, other than [carrying concealed weapons], that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with

3

respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having a firearm. The subsection specifies that it applies to "any offense," which excludes a gun specification. *See Ford* at ¶ 16. The state interprets this statute to mandate that a prison term be imposed on an offender for an underlying felony when the offender is sentenced on an accompanying firearm specification.

{**¶8**}   We agree. The plain language of R.C. 2929.13(F) requires a prison term for "any of the following offenses," which includes any offense when the offender had a firearm on his person while committing the offense. *See* R.C. 2929.13(F)(8). This interpretation is consistent with the Ohio Supreme Court's conclusion that "R.C. 2929.13(F) addresses mandatory prison terms and lists offenses for which a sentencing court is obligated to impose a prison term." *State v. Johnson*, 2008-Ohio-69, ¶ 9. The *Johnson* court further explained that "R.C. 2929.13(F) applies to a number of offenses, including . . . felonies committed while the offender had a firearm on or about the offender's person or control." *Id.* at ¶ 10.

{**¶9**}   This interpretation also comports with the definition of a "mandatory prison term" which, in relevant part, is defined as "the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) . . . ." *See* R.C. 2929.01(X)(1). Thus, the sentence imposed under division (F)(8) for an offense when the offender had a firearm on his person while committing the offense is defined as a mandatory prison term. *See id.*; *State v. Peters*, 2023-Ohio-4362, ¶ 61.

{**¶10**} In this case, Gilliam was convicted of felonious assault with an accompanying firearm specification. By pleading guilty to the firearm specification, Gilliam admitted to possessing or controlling a firearm while committing the felonious

assault. At sentencing, the trial court applied R.C. 2929.13(F)(8) consistent with our holding in *Wofford*.

{¶11} Accordingly, we overrule the first assignment of error.

## Reagan Tokes Notification

{¶12} In his second assignment of error, Gilliam asserts that the trial court erred by failing to comply with R.C. 2919.19(B)(2)(c), which requires the court to advise the defendant of certain Reagan Tokes Law notifications. The state concedes that the required notifications were not given at the sentencing hearing and agrees that the remedy is a remand to the trial court for the limited purpose of providing the proper notification.

{¶13} We sustain the second assignment of error and remand the cause to the trial court to provide the Regan Tokes notifications.

## Conclusion

{¶14} We remand the cause to the trial court to provide the Reagan Tokes notifications to Gilliam. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:
The court has recorded its own entry this date.