[Cite as *State v. Burst*, 2025-Ohio-2277.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | | C.A. No. 31048 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONTE BURST | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 22 12 4372 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

FLAGG LANZINGER, Presiding Judge.

**{¶1}** Appellant-Defendant Donte Burst appeals his conviction in the Summit County Court of Common Pleas. For the reasons that follow, we reverse.

I.

**{¶2}** In mid-November 2022, Burst sought medical help for his dog at One of a Kind Pet Rescue ("One of a Kind Pets") in Akron, Ohio. An employee of One of a Kind Pets advised Burst that it did not provide care to pets with owners and asked him to surrender the dog. Burst agreed to surrender the dog and One of a Kind Pets provided it with medical care. Despite this care, the dog died the following day. After receiving a call from One of a Kind Pets, the Summit County Humane Society began investigating the matter.

**{¶3}** On December 21, 2022, a Summit County Grand Jury indicted Burst on Count One: cruelty to companion animals in violation of R.C. 959.131(C), R.C. 959.99(E)(2), a felony of the fifth degree, which prohibits a person from knowingly causing serious physical harm to a

companion animal; and Count Two: cruelty to companion animals in violation of R.C. 959.131(E)(2), R.C. 959.99(E)(4), a felony of the fifth degree, which prohibits the owner, manager, or employee of a dog kennel from knowingly depriving an animal with necessary sustenance. Relevant to this appeal, Count Two of the indictment alleged as follows:

> on or about the 15th Day of November 2022, in the County of Summit and State of Ohio aforesaid, did commit the crime of CRUELTY TO COMPANION ANIMALS in that he did, *as an owner, manager, or employee of a dog kennel who confined or was the custodian or caretaker of a companion animal*, knowingly deprive the companion animal of necessary sustenance or confine the companion animal without supplying it during the confinement with sufficient quantities of good, wholesome food and water if it was reasonably expected that the companion animal would die or experience unnecessary or unjustified pain or suffering as a result of the deprivation or confinement, in violation of Section 0959.131(E)(2), 959.99(E)(4) of the Ohio Revised Code, a FELONY OF THE FIFTH DEGREE, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio.

(Emphasis added.) Burst entered a plea of not guilty to both counts, and the matter proceeded to a jury trial on January 4, 2024. Before the jury was empaneled, the State orally moved to amend Count Two to a misdemeanor of the first degree purportedly on the basis that the statutory penalty had been amended effective April 2023. Burst did not object. The trial court granted the State's motion and amended Count Two to a first-degree misdemeanor, but did not otherwise amend the indictment.

{¶4} During trial, Burst moved for acquittal pursuant to Crim.R. 29 at the close of the State's case in chief and renewed the motion after resting his case. In his motion, Burst expressly argued that the evidence was insufficient to sustain a conviction because the State failed to carry its burden of production regarding (1) venue, (2) whether the animal was a companion animal as defined under the statute, and (3) any prohibited act Burst took toward the animal. The trial judge denied both motions.

{¶5}    Following closing arguments, and relevant to this appeal, the trial court gave the following instruction concerning Count Two:

> Count Two, Cruelty to Companion Animals, in violation of Ohio Revised Code Section 959.131(E)(2).
>
> The Defendant is charged with Cruelty to Companion Animals in violation of Revised Code Section 959.131(E)(2).  Before you can find the Defendant guilty of Cruelty to Companion Animals . . . you must find, beyond a reasonable doubt, that on or about the 15th day of November 2022, and in Summit County, Ohio, the defendant was the custodian or caretaker of a companion animal and knowingly deprived the companion animal of necessary sustenance if it could have been reasonably expected that the [companion] animal would die or experience unnecessary or unjustifiable pain or suffering as a result of the deprivation.

The trial court further instructed the jury as to the definitions of "companion animal," "knowingly," and "reasonable doubt."

{¶6}    After deliberation, the jury returned a verdict of not guilty as to Count One, but guilty as to Count Two.  The trial court thereafter accepted the jury's verdicts and entered a finding of guilty as to Count Two.  The trial court sentenced Burst to a term of six months in the Summit County Jail, with 179 days held in reserve.  The trial court also imposed a six-month term of non-reporting community control and waived all costs and fines.

{¶7}    Burst filed this timely appeal, raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR ONE**

**THE TRIAL COURT ERRED BY ENTERING A GUILTY FINDING AGAINST [BURST] FOR THE CHARGE OF CRUELTY TO COMPANION ANIMALS, IN THE ABSENCE OF SUFFICIENT EVIDENCE, CONTRARY TO DUE PROCESS.**

{¶8}    In his first assignment of error, Burst contends there was insufficient evidence to support his conviction for cruelty to animals in violation of R.C. 959.131(E)(2).  We agree.

{¶9} Pursuant to Crim.R. 29(A), after the evidence on either side is closed, upon its own motion or the motion of a defendant, a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." This Court has repeatedly held that when an appellant sets forth specific grounds in a Crim.R. 29 motion, he forfeits all other arguments on appeal." *State v. Schell*, 2017-Ohio-2641, ¶ 12 (9th Dist.) (collecting cases.); *compare State v. Williams*, 2022-Ohio-2517, ¶ 48-51 (2d Dist.) (concluding that because a plea of "not guilty" requires the state to prove all material facts relating to the crime charged, such a plea preserves a defendant's right to object to an alleged insufficiency of evidence on appeal).

{¶10} As noted above, Burst moved for acquittal pursuant to Crim.R. 29 at the close of the State's case in chief and renewed the motion after resting his case, specifically asserting that the State (1) "failed to prove venue," (2) "[t]here was not testimony about what happened at Mr. Burst's location," (3) "[t]here was not testimony about . . . whether this dog is a companion animal because he keeps it inside the home, and (4) "there is no evidence as to what happen[ed] at the location of Mr. Burst's residence, and what he did or didn't do to this dog to cause it to be in this condition as alleged by the State."

{¶11} In line with his Crim.R. 29 motions, Burst contends on appeal that the State failed to present sufficient evidence "to prove what was necessary to establish venue — that within Summit County, Donte Burst, as an *owner, manager, or employee of a dog kennel* deprived his dog of necessary sustenance." In the alternative, Burst asserts that even if the State carried its burden of production as to venue, the State failed to present any evidence that he committed the alleged offense in Summit County "in the role of *owner, manager, or employee of a dog kennel*."

**{¶12}** As an initial matter, we conclude that Burst's Crim.R. 29 motions adequately argued that the State failed to present sufficient evidence as to an essential element necessary to sustain his conviction in order to preserve this issue for our review.

**{¶13}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). A "reversal for insufficient evidence 'means that the government's case was so lacking that it should not have been submitted to the jury' [emphasis sic.]." *State v. Messenger*, 2022-Ohio-4562, ¶ 17, quoting *Burks v. United States*, 437 U.S. 1, 16 (1978).

**{¶14}** In its appellate brief, the State does not expressly address Burst's argument that the prosecutor failed to present any evidence that he was acting as an owner, manager, or employee of a dog kennel. Rather, after summarizing the evidence presented at trial, the State asserts that "[b]ased on the record, one could conclude that the State presented sufficient evidence, when viewed in a light most favorable to the prosecution, whereby a trier of fact could find Mr. Burst guilty of violating former R.C. 959.131(E)(2) and R.C. 959.131(C)." However, as previously noted, the jury did not find Burst guilty of violating R.C. 959.131(C). Rather, the jury found him not guilty as to Count One: Cruelty to Animals in violation of R.C. 959.131(C) and only returned a verdict of guilty as to Count Two: Cruelty to Animals in violation of R.C. 959.131(E)(2). The

trial court accepted the jury's verdicts and only entered a judgment of conviction as to Count Two: Cruelty to Companion Animals in violation of former R.C. 959.131(E)(2). We will limit our analysis accordingly.

{¶15} "In Ohio, all criminal offenses are statutory, and the elements necessary to constitute a crime must be gathered wholly from the statute." *State v. Ford*, 2011-Ohio-765, ¶ 10; *see* R.C. 2901.03. Ohio Revised Code Section 959 governs offenses relating to animals. At the time of the alleged offense, former R.C. 959.131(E)(2), provided that:

> No owner, manager, or employee of a dog kennel who confines or is the custodian or caretaker of a companion animal shall knowingly . . . [d]eprive the companion animal of necessary sustenance or confine the companion animal without supplying it during the confinement with sufficient quantities of good, wholesome food and water if it is reasonably expected that the companion animal would die or experience unnecessary or unjustifiable pain or suffering as a result of the deprivation or confinement[.]

A "companion animal" is "any animal that is kept inside a residential dwelling and any dog or cat regardless of where it is kept, including a pet store as defined in [R.C.] 956.01" and "does not include livestock or any wild animal." R.C. 959.131(A)(1). Under former R.C. 959.131(A)(8), "dog kennel" was defined as "an animal rescue for dogs that is registered under [R.C. 956.06], a boarding kennel, or a training kennel."

{¶16} Although not raised in response to Burst's argument that the evidence presented by the State is insufficient to support his conviction, the State contends in its response to Burst's arguments in his third and fourth assignments of error that R.C. 959.131(E)(2) "applies to two potential sets of people, to wit: an owner, manager, or employee of a dog kennel who confines the animal *or* the custodian *or* a caretaker of the companion animal." However, the State's argument ignores the plain language of the statute. R.C. 959.131(E)(2) unambiguously applies to the conduct of an "owner, manager, or employee of a dog kennel." *Compare* current R.C. 959.131(B),

(C), (D), (E) (generally prohibiting animal abuse). "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 2002-Ohio-6718, ¶ 14.

{¶17} As mentioned above, before the jury was empaneled in this case, the prosecutor orally moved to amend Count Two to a misdemeanor of the first degree purportedly on the basis that the statutory penalty had been amended effective April 2023. Although the trial court granted the State's motion and amended Count Two to a first-degree misdemeanor, it did not otherwise amend the indictment.

{¶18} While this matter was pending in the trial court, Ohio Revised Code Chapter 959 was indeed amended effective April 3, 2023. *See* Am. Sub. S.B. 164. However, the statute was not amended in the way suggested by the prosecutor. Pursuant to the amendment, former R.C. 959.131(E) was redesignated as R.C. 959.131(F), but no substantive changes were made to the language of the subsection. Following the amendment, the current subsection (E) now provides "[n]o person who confines or who is the custodian or caretaker of a companion animal shall recklessly deprive the companion animal of necessary sustenance or confine the companion animal without supplying it during the confinement with sufficient quantities of good, wholesome food and water."

{¶19} Additionally, at the time of the alleged offense, former R.C. 959.99(E)(4), provided that "[w]hoever violates division (E) of section 959.131 of the Revised Code is guilty of a felony of the fifth degree." Effective April 3, 2022, that statute was amended to reflect the redesignation of former subsection (E) to subsection (F), and now states, "whoever violates division (F) of section 959.131 is guilty of a felony of the fifth degree." Notably, the current version of R.C.

959.99 provides that a violation of the new subsection (E) of R.C. 959.131 is a misdemeanor of the first degree on a first offense, and a felony of the fifth degree on each subsequent offense. R.C. 959.99(E)(1).

{¶20} Regardless, the trial court did not amend the language of Count Two of the indictment in any way. Therefore, the State was required to present legally sufficient evidence that Burst was an owner, manager, or employee of a dog kennel who confined or was the custodian or caretaker of a companion animal before the matter was presented to the jury. *See Burks*, 437 U.S. at 16 (1978).

{¶21} Upon review of the entire record, we conclude that no evidence was presented that, if believed, would indicate Burst was the owner, manager, or employee of a dog kennel. Regarding Burst's relationship to the animal, the State's witnesses testified as follows. Dr. Straley testified that she was working at One of a Kind Pets as a veterinarian when Burst brought the dog into the rescue seeking medical help. She testified that Burst "told [her] that he had the dog since she was six weeks old." She also testified that she informed Burst that One of a Kind Pets did "not take in owner-owned animals" and that she asked him to surrender the dog to One of a Kind Pets in order to render medical care. Agent McCloud testified that she is an investigator with the Summit County Humane Society and that when she spoke to Burst during her investigation that Burst told her "[h]e had had the dog for months."

{¶22} Therefore, after reviewing the evidence in a light most favorable to the State, we conclude that the trial court erred in denying Burst's Crim.R. 29 motion for acquittal because the State failed to present sufficient evidence as to an essential element of cruelty to animals in violation of R.C. 959.131(E)(2) necessary to sustain Burst's conviction. Burst's first assignment of error is sustained.

{¶23} Therefore, we must reverse the judgment of conviction and remand the matter to the trial court to vacate Burst's conviction. Additionally, "[b]ecause reversal for insufficiency is effectively an acquittal, retrial is prohibited by double jeopardy." *State v. Johnson*, 2007-Ohio-1480, ¶ 5 (9th Dist.).

## ASSIGNMENT OF ERROR TWO

**THE TRIAL COURT ERRED BY ENTERING A GUILTY FINDING AGAINST [BURST] FOR THE CHARGE OF CRUELTY TO COMPANION ANIMALS, AS THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO DUE PROCESS.**

## ASSIGNMENT OF ERROR THREE

**THE TRIAL COURT ERRED TO [BURST]'S PREJUDICE IN INSTRUCTING THE JURY AS TO THE ELEMENTS OF CRUELTY TO COMPANION ANIMALS, CONTRARY TO DUE PROCESS AND THE LANGUAGE OF R.C. 959.131(E)(2).**

## ASSIGNMENT OF ERROR FOUR

**[BURST] SUFFERED A DEPRIVATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

{¶24} In his second assignment of error, Burst contends that that his conviction is against the manifest weight of the evidence because the State offered no evidence to suggest he is an owner, manager, or employee of a dog kennel. In his third assignment of error, Burst argues the trial court erroneously instructed the jury regarding the necessary elements the State was required to prove beyond a reasonable doubt. In his fourth assignment of error, Burst contends that he received ineffective assistance of counsel.

{¶25} However, our resolution of Burst's first assignment of error, renders his remaining assignments of error moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶26} Burst's first assignment of error is sustained, and his second, third, and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed and remanded for the trial court to vacate Burst's conviction for cruelty to animals.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶27} I agree that Burst's conviction on count two of the indictment was not supported by sufficient evidence.

{¶28} At the time of Burst's indictment, former R.C. 959.131(E)(2) provided as follows:

No owner, manager, or employee of a dog kennel who confines or is the custodian or caretaker of a companion animal shall knowingly . . . [d]eprive the companion animal of necessary sustenance or confine the companion animal without supplying it during the confinement with sufficient quantities of good, wholesome food and water if it is reasonably expected that the companion animal would die or experience unnecessary or unjustifiable pain or suffering as a result of the deprivation or confinement[.]

{¶29} The statute provided that the owner, manager, or employee of a dog kennel could be found guilty of cruelty to a companion animal in either of two ways: (1) depriving the companion animal of necessary sustenance; or (2) confining a companion animal without supplying it with sufficient quantities of good, wholesome food and water. *See id*. Notably, under former R.C. 959.131(A)(8), the term "[d]og kennel" was defined as "an animal rescue for dogs that is registered under [R.C. 956.06], a boarding kennel, or a training kennel."

{¶30} In other words, the owner, manager, or employee of a dog kennel violated the statute by, for example, confining a dog by putting it in a cage and failing to provide sufficient food and water. Another way that an owner, manager, or employee of a dog kennel violated the statute was by failing to provide necessary sustenance to a dog that had not been placed in a confined environment and was free to run around.

{¶31} The plain language of former R.C. 959.131(E)(2) clearly provided that, in order to obtain a conviction, the State was required to show that Burst was acting in the role of owner, manager, or employee. This is further supported by the fact that there was a separate section of

former R.C. 959.131 that addressed person acting as the "custodian or caretaker" of a companion animal. *See* former R.C. 959.131(D). Here, the State failed to meet its burden of demonstrating that Burst was an owner, manager, or employee.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.