[Cite as *State v. Bagner*, 2020-Ohio-5113.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-19-1158

    Appellee                                    Trial Court No. CR0201901599

v.

Byron Andrew Bagner, Jr.                  **DECISION AND JUDGMENT**

    Appellant                                  Decided:  October 30, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} In this appeal, appellant, Byron Bagner, appeals from the July 15, 2019

judgment of the Lucas County Court of Common Pleas convicting him of domestic

violence, a violation of R.C. 2919.25(A) and (D)(2), a misdemeanor of the first degree.

The trial court sentenced appellant to serve 180 days in the Corrections Center of Northwest Ohio. For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts a single assignment of error:

1. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT INFORMING HIM THE COURT IS NOT BOUND BY SENTENCING RECOMMENDATIONS OF THE PARTIES IN VIOLATION OF CRIM.R. 11(C)(2)(a).

{¶ 3} Appellant was indicted on one count of domestic violence, a violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree. Approximately a month later, appellant entered into a plea agreement to enter a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a lesser included offense of domestic violence, a misdemeanor of the first degree. The plea agreement informed appellant that the maximum penalty for this offense is 180 days of imprisonment and/or a fine up to $1,000. The state indicated it would recommend probation, presumptively meaning community control which replaced the probation system in 1996. At the sentencing hearing, the court discussed the effect of the *Alford* guilty plea, the maximum sentence, and the constitutional rights appellant was waiving before accepting the plea and imposing the maximum sentence.

{¶ 4} On appeal, appellant asserts that the trial court violated Crim.R. 11(C)(2)(a) by not informing him that the court was not bound by the recommendations of the parties.

2.

We agree the trial court did not inform appellant that the trial court was not bound to accept the recommended sentence. However, we find there was no obligation to do so.

{¶ 5} The potential penalty for the offense in this case is six months or less, which means the offense is classified as a misdemeanor "petty offense." Crim.R. 2(D). Therefore, Crim.R. 11(E) governs the plea hearing process. That rule provides that before the trial court accepts a guilty plea, it must first personally inform the defendant of the effect of the plea using the language of Crim.R. 11(B). *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 26. While Crim.R. 11(B) does not describe an *Alford* plea, courts have generally required that the trial court explain to the defendant that the plea constitutes consent to the court finding the defendant guilty of the charge and imposing a sentence while the defendant maintains innocence. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 13; *Toledo v. Blackshear*, 6th Dist. Lucas No. L-19-1092, 2020-Ohio-1233, ¶ 29-30.

{¶ 6} Furthermore, a plea agreement is also governed by "[p]rinciples of contract law." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50. A plea agreement is a negotiation of the plea, not the sentence, which is a matter to be determined by statute and involves an exercise of trial court's discretion. *State v. Fraternal Order of Eagles, Aerie No. 1224*, 12th Dist. Clinton No. CA2017-08-011, 2018-Ohio-548, ¶ 6; *State v. Mulhollen*, 119 Ohio App.3d 560, 566, 695 N.E.2d 1174,

3.

1177 (11th Dist.1997); *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982); Crim.R. 11(F).

{¶ 7} In this case, the plea agreement indicated the state would "recommend" a penalty of community control and reduce the charge in exchange for the *Alford* guilty plea. Neither the state nor the court orally promised a specific sentence. Furthermore, appellant was informed in writing and orally that the maximum sentence he faced was 180 days of imprisonment. Appellant received the benefit of his bargain. Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
                                                                    JUDGE

Christine E. Mayle, J.
CONCUR.                        _____
                                                                    JUDGE


                                               _____
                                                                    JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.