[Cite as *State v. Culp*, 2020-Ohio-5287.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1281

    Appellant                                Trial Court No. CR0201902009

v.

Cordell Henderson Culp                           **DECISION AND JUDGMENT**

    Appellee                                 Decided:  November 13, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellant.

Autumn D. Adams, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} In this appeal, appellant, the state of Ohio, asks us to reverse the

November 6, 2019 judgment of the Lucas County Court of Common Pleas that found

R.C. 2929.14(B)(1)(a) unconstitutional as applied to appellee, Cordell Culp, and granted

him 156 days of jail-time credit against the mandatory prison term that the court imposed

for Culp's conviction of a firearm specification under R.C. 2941.141.  For the following reasons, we reverse, in part.

## I.  Background

{¶ 2} On June 10, 2019, Culp was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony; one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony. The aggravated robbery and receiving stolen property charges also included 3-year firearm specifications under R.C. 2941.145.

{¶ 3} Culp and the state reached a plea agreement that allowed Culp to plead no contest to a reduced charge of robbery in violation of R.C. 2911.02(A)(3), a third-degree felony, with a 1-year firearm specification under R.C. 2941.141, and the indicted charge of having weapons while under disability.  In exchange for Culp's plea, the state agreed to dismiss the receiving stolen property charge and recommend that the trial court sentence Culp to serve the mandatory one-year prison term attached to the firearm specification, followed by a term of community control.  The trial court accepted Culp's pleas and found him guilty.

{¶ 4} The primary issue at the sentencing hearing was whether Culp was entitled to jail-time credit against his mandatory prison sentence for the time he was incarcerated prior to sentencing.  Culp was held in jail in lieu of bail from the time of his arrest until the time of his sentencing, which amounted to 156 days.  In response to questions from

2.

the court, Culp explained that he was unable to afford bail, which the court set during Culp's arraignment at "$100,000.00 no 10% allowed as to count 1 and supervised own recognizance as to counts 2 and 3 * * *." Culp claimed that he would have posted bail and been released if he had the money to do so, but he could neither afford to pay the bail outright nor pay a bondsman to post the bail for him. He also said that he did not have any friends or family members who offered to post his bail.

{¶ 5} Culp argued that the trial court was required to award him credit for the days he spent in jail prior to his sentencing, even though the Revised Code expressly provides that mandatory prison terms imposed for firearm specifications cannot be reduced through jail-time credit. As an indigent person, he claimed that he was treated differently than people who were not indigent and could afford bail, and failing to credit him for the time he was confined in lieu of bail would violate his equal protection rights under the U.S. and Ohio Constitutions. Specifically, Culp argued, he spent nearly five months in jail before his sentencing and unless the trial court granted him credit for those days, he would be incarcerated for a total of one year and five months simply because he was indigent, while a wealthier defendant who could afford to post bail and was facing the same one-year mandatory sentence would be incarcerated for only one year. In support of his argument, Culp cited to *State v. Dubose*, 2d Dist. Montgomery No. 26105, 2015-Ohio-621, an OVI case in which the Second District found that the defendant's equal protection rights were violated when the trial court failed to give him credit against a

3.

mandatory sentence imposed under R.C. 2929.13(G)(2) for the time the defendant was in jail prior to sentencing.

{¶ 6} The state responded that Culp was asking the court to ignore the plain language of the Revised Code, which clearly states that prison time imposed for a firearm specification is mandatory and cannot be reduced by any provisions in R.C. Chapter 2967, including R.C. 2967.191, the statute that governs credit for time spent in confinement while awaiting trial. Additionally, the state noted that the trial court would be reserving a prison sentence as a potential sanction for any community-control violations, and, if Culp were sentenced to prison in the future, he would receive credit for the time he spent in jail prior to his sentencing. So, the state argued, Culp "is actually not losing out on anything."

{¶ 7} After hearing the parties' arguments, the trial court determined that it could not apply the statutory prohibition against awarding jail-time credit on mandatory firearm specification prison terms because

> if I were not to give Mr. Culp jail credit to the spec in this situation, it would violate both his federal and Ohio equal protection rights as it would treat him differently as an indigent person than someone under the exact same circumstance who had the money to post bail so, therefore, I will be giving him 156 days credit as to the gun spec. I'm not saying that the gun spec statute is unconstitutional, I'm only saying I can't apply it in this case.

4.

{¶ 8} The court went on to sentence Culp to one year of mandatory prison time under R.C. 2929.14(B)(1)(a) for the firearm specification attached to the robbery conviction and granted him credit for 156 days he spent in custody prior to sentencing. The court also sentenced Culp to four-year terms of community control on the robbery and weapons under disability convictions. One of the terms of Culp's community control required that he be "committed to [a community-based correctional facility] for 6 months * * *." The court ordered the community control sanctions to be served concurrently with the prison term for the firearm specification.

{¶ 9} The state now appeals, raising one assignment of error:

The trial court erred in finding that R.C. 2929.14(8)(1)(a) is unconstitutional as applied to the defendant in this case.

## II. Law and Analysis

{¶ 10} In its assignment of error, the state argues that the trial court erred because R.C. 2941.14(B)(1)(b) unambiguously states that a prison sentence for a firearm specification "shall not be reduced pursuant to * * * any other provision of Chapter 2967 * * * of the Revised Code," including R.C. 2967.191, which reduces prison terms for time spent in confinement awaiting trial. It also contends that the trial court incorrectly determined that Culp's equal protection rights were violated because he is not a member of a suspect class and mandatory prison sentences for firearm specifications are rationally related to a legitimate government interest. We need not reach the issue of equal protection, however, because courts decide constitutional questions "only when

absolutely necessary," *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 7, and Culp's sentence is contrary to law because R.C. 2929.13(F)(8) requires the trial court to impose a prison sentence on Culp's underlying robbery conviction.

{¶ 11} We review criminal sentences under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2). None of the provisions in R.C. 2953.08(G)(2)(a) is applicable here. However, we find under R.C. 2953.08(G)(2)(b) that Culp's sentence is otherwise contrary to law.

{¶ 12} Mandatory prison terms are required for certain offenses listed in R.C. 2929.13(F). *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 9. Although the *Johnson* court addressed a case involving R.C. 2929.13(F)(2), which requires a prison sentence when a defendant is convicted of rape, the court also stated that "the mandatory-sentence provision of R.C. 2929.13(F) applies to a number of offenses,

6.

including * * * felonies committed while the offender had a firearm on or about the offender's person or control * * *." *Id.* at ¶ 10.

{¶ 13} Under R.C. 2929.13(F)(8), a trial court

> *shall impose a prison term * * * for * * * [a]ny offense*, other than [carrying concealed weapons], that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm[.] (Emphasis added.)

Under the plain language of the statute, when a defendant is convicted of committing *any* felony (with the exception of carrying concealed weapons) while having or controlling a firearm, the court is required to impose a prison term—*not* community control sanctions—in addition to the mandatory prison term for the firearm specification required by R.C. 2929.14(B)(1)(a). *State v. Shields*, 2d Dist. Montgomery No. 28573, 2020-Ohio-3204, ¶ 11; *accord State v. Galvan*, 8th Dist. Cuyahoga No. 108658, 2020-Ohio-1285, ¶ 20; *State v. Wofford¸* 1st Dist. Hamilton No. C-180411, 2019-Ohio-2815, ¶ 8; *State v. White*, 10th Dist. Franklin No. 10AP-34, 2011-Ohio-2364, ¶ 74; *State v. Christian*, 7th Dist. Mahoning No. 02 CA 170, 2005-Ohio-1440, ¶ 65, 80; *contra State v. Roush*, 5th Dist. Morrow No. 13CA0008, 2014-Ohio-4887, ¶ 35 (in the context of denying a postconviction "motion to correct sentence" based on res judicata, interpreting R.C.

7.

2929.13(F)(8) as requiring "the firearm specification penalty be made mandatory, but not the penalty for the underlying offense.").

{¶ 14} A plea to or conviction of a firearm specification automatically meets the criteria in R.C. 2929.13(F)(8) that triggers a mandatory prison term for the underlying offense—i.e., it shows that the "offender had a firearm on or about the offender's person or under the offender's control while committing the felony * * *." *See Shields* at ¶ 11. Moreover (and particularly relevant to Culp's case), a defendant who commits a crime while having or controlling a firearm—and is thus subject to a mandatory prison sentence under R.C. 2929.13(F)(8)—is not eligible for community control sanctions. *Id.*; *Wofford* at ¶ 10. The very first sentence of the community control statute states that a court may impose a sentence that "consists of one or more community control sanctions * * *" *only if* "the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender * * *." R.C. 2929.15(A)(1).

{¶ 15} Here, the trial court imposed a sentence that is clearly and convincingly contrary to law. Because Culp pleaded no contest to a firearm specification under R.C. 2941.141, and the trial court found him guilty of that specification, R.C. 2929.13(F)(8) mandated that the trial court *also* impose a prison sentence for the robbery charge to which Culp pleaded no contest and of which the trial court found him guilty. And under R.C. 2929.15(A)(1), Culp was ineligible for community control sanctions on the robbery

charge because the court was "required to impose a prison term [or] a mandatory prison term" upon Culp.[1]

{¶ 16} The parties and the trial court relied on *State v. Hamm*, 2016-Ohio-2938, 65 N.E.3d 143 (8th Dist.), to support the imposition of a prison sentence for the firearm specification and a concurrent term of community control for the underlying robbery conviction. *Hamm* is distinguishable, though, because the defendant in that case was convicted of attempted criminal gang activity, intimidation, and attempted felonious assault—none of which require a mandatory prison term under R.C. 2929.13(F). To that extent, *Hamm* is inapplicable to Culp's situation and cannot be used to justify the sentence that the trial court imposed.

{¶ 17} We note that the legislature's requirement of a prison sentence for an offense committed when the defendant had or controlled a firearm remedies any equal protection concerns in this case. Although R.C. 2929.13(F) generally prohibits the reduction of sentences imposed under that section through judicial release, the "80% release procedure" found in R.C. 2967.19, participation in certain rehabilitative prison programs, and "any other provision of Chapter 2967. or Chapter 5120. of the Revised Code," it specifically allows for the reduction of sentences under R.C. 2967.191, which is

---

[1] The trial court's inclusion of time in a community-based correctional facility following the completion of Culp's prison term also raises concerns about improper imposition of consecutive terms of imprisonment. *See State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 13. However, because we are reversing that part of Culp's sentence, we need not address this issue.

9.

the statute that controls "[c]redit for confinement awaiting trial and commitment." So, in this case, on remand, when the trial court imposes a prison sentence for Culp's robbery conviction—which must be 9, 12, 18, 24, 30, or 36 months under R.C. 2929.14(A)(3)(b)—it will also be required to credit him with the 156 days he was in jail before his sentencing. However, those days will be credited against the robbery sentence—not the firearm specification sentence. *See Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, at ¶ 15.

{¶ 18} Because the trial court's sentence is contrary to law, the state's assignment of error is well-taken.

### III. Conclusion

{¶ 19} In sum, "[j]udges have no inherent power to create sentences. Rather, judges are duty-bound to apply sentencing laws as they are written." (Internal quotations and citations omitted.) *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10. In this case, that means that the trial court was duty-bound to impose a prison term for *both* the firearm specification *and* the underlying robbery conviction. Because it did not do so, we find that the portion of Culp's sentence related to the robbery conviction is clearly and convincingly contrary to law. We therefore vacate the portion of the sentence imposed in the November 6, 2019 judgment of the Lucas County Court of Common Pleas for Culp's robbery conviction and remand the matter to the trial court for resentencing on

10.

that count only. The trial court's sentences on the firearm specification and the weapons under disability charge are affirmed. The parties are ordered to divide the costs of this appeal equally pursuant to App.R. 24.

Judgment reversed, in part,<br>and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.