[Cite as *State v. Humphrey*, 2022-Ohio-2456.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-11-145 |
| Appellee, | : | O P I N I O N<br>7/18/2022 |
| | : | |
| - vs - | : | |
| | : | |
| JAMES A. HUMPHREY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-06-0816


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Law Office of John H. Forg, and John H. Forg, II, for appellant.


**M. POWELL, P.J.**

{¶ 1} Appellant, James Humphrey, appeals a decision of the Butler County Court of Common Pleas ordering the forfeiture and destruction of five firearms and personal property confiscated from Humphrey's home.

{¶ 2} On June 7, 2021, Humphrey was found in possession of a concealed black-powder pistol without a legal permit to carry such weapon. Subsequently, during the

execution of a search warrant at his home, police found and seized several firearms, 17 knives, 7 swords, one hatchet, and one saw. Humphrey was indicted in August 2021 on one count of carrying concealed weapons and one count of violating a protection order. Neither count included a forfeiture specification under R.C. 2941.1417. Pursuant to plea negotiations, Humphrey pled guilty to carrying a concealed weapon and agreed to the forfeiture of the black-powder pistol; in exchange, the state dismissed the charge of violating a protection order. The guilty plea form signed by Humphrey specifically states, "Firearm to be forfeited and destroyed."

{¶ 3} A sentencing hearing was held on November 10, 2021. The state advised the trial court that in addition to the forfeiture and destruction of the black-powder pistol, it was seeking the forfeiture and destruction of five firearms confiscated from Humphrey's home, to wit, a Winchester Model 70 rifle, three muzzleloaders, and an Optima Pro .50-caliber rifle with a scope. The state further mentioned the 17 knives, the 7 swords, the hatchet, and the saw confiscated from Humphrey's home. The trial court sentenced Humphrey to a five-year community control term and ordered the forfeiture and destruction of Humphrey's black-powder pistol. Over Humphrey's objection, the trial court further ordered the forfeiture and destruction of the "swords, machetes, and knives" and the five firearms confiscated from Humphrey's home during the execution of the search warrant. On November 16, 2021, the trial court filed an order for the forfeiture and destruction of the black-powder pistol, a "Winchester Model 70, .243 with scope, [a] .50 Caliber Harper Ferry Antique Muzzleloader with no Serial Number, [a] Tradition .50 Caliber Bolt Action Muzzleloader, [a] Stone Mountain Arms .50 Caliber Inline Muzzleloader, [an] Optima Pro .50 Caliber with scope, and all other weapons." [sic.] (Serial numbers omitted).

{¶ 4} Humphrey now appeals, raising one assignment of error:

{¶ 5} THE ORDER REQUIRING THE FORFEITURE AND DESTRUCTION OF

FIREARMS, SWORDS, KNIVES, AND OTHER PROPERTY POSSESSED BY HUMPHREY SHOULD BE REVERSED.

{¶ 6} Humphrey challenges the trial court's order of forfeiture "of his handguns and 'all other weapons,' i.e. his swords, knives, a hatchet and a saw," arguing it failed to comply with the statutory provisions governing criminal forfeiture.

{¶ 7} R.C. Chapter 2981 governs both civil and criminal forfeitures of contraband, proceeds, and criminal instrumentalities. *See* R.C. 2981.02(A). Upon the commission of an offense, "[a] law enforcement officer may seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). A prosecuting attorney may then pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F); *State v. Leet*, 2d Dist. Montgomery No. 28870, 2021-Ohio-1334, ¶ 12. Civil forfeiture is initiated by filing "a complaint requesting an order that forfeits the property to the state or a political subdivision." R.C. 2981.05(A).

{¶ 8} As pertinent here, R.C. 2981.04(A)(1) provides that property may be forfeited in a criminal proceeding "only if" the defendant is convicted of an offense and the indictment charging the offense contains a forfeiture specification under R.C. 2941.1417. Absent a forfeiture specification in the charging instrument, property may still be subject to forfeiture if it was "not reasonably foreseen to be subject to forfeiture at the time of filing the indictment" and "the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender * * * under Criminal Rule 7(E)[.]" R.C. 2981.04(A)(2).

{¶ 9} Based upon the conclusory paragraph in Humphrey's brief, we construe his argument as solely challenging the forfeiture and destruction of the firearms and personal property confiscated from his home, and not the black-powder pistol recovered on his

person. However, even assuming Humphrey challenges the forfeiture of the black-powder pistol, we find no error in the trial court's decision because the pistol was forfeited as part of a plea agreement and was therefore not subject to R.C. Chapter 2981. "[W]hen [a] defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures [is] unnecessary." *State v. Compton*, 8th Dist. Cuyahoga No. 109427, 2021-Ohio-3106, ¶ 19. In other words, "[w]hen property is forfeited through a plea agreement, the forfeiture is 'not effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement.'" *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 15. Because the forfeiture of the black-powder pistol was expressly effectuated by Humphrey's negotiated plea agreement with the state and not R.C. Chapter 2981, the trial court was not required to comply with R.C. Chapter 2981 and did not err in ordering its forfeiture.

{¶ 10} We find, however, that the trial court erred in ordering the forfeiture and destruction of the five firearms and personal property confiscated from Humphrey's home during the execution of the search warrant. The state did not pursue civil forfeiture of these items under R.C. 2981.05. Regarding criminal forfeiture, the indictment did not include a forfeiture specification under R.C. 2941.1417 as required by R.C. 2981.04(A)(1) and the state never amended the indictment to add a forfeiture specification. Although the state filed a Crim.R. 7(E) bill of particulars, it did not provide notice of the state's intent to seek forfeiture of the items as required by R.C. 2981.04(A)(2) and the state never amended the bill of particulars. In other words, the state did not provide Humphrey with notice that the items were subject to forfeiture either in the indictment or the bill of particulars. Unlike the black-powder pistol, forfeiture of the items was not part of the plea agreement and was not included in the plea form.

{¶ 11} In light of the foregoing, we find that the trial court had no authority to order

the forfeiture and destruction of the five firearms and personal property confiscated from Humphrey's home during the execution of the search warrant. *State v. Little*, 12th Dist. Butler No. CA2014-01-020, 2014-Ohio-4756, ¶ 34. Humphrey's assignment of error is sustained and the trial court's decision ordering the forfeiture of the Winchester Model 70, .243 with scope, the .50-caliber Harper Ferry Antique Muzzleloader with no Serial Number, the Tradition .50-caliber Bolt Action Muzzleloader, the Stone Mountain Arms .50-caliber Inline Muzzleloader, the Optima Pro .50-caliber with scope, the 17 knives, the 7 swords, the hatchet, and the saw confiscated from Humphrey's home during the execution of the search warrant is reversed and vacated. *Id.* We recognize that with our decision, there could be other issues relative to Humphrey's community control sanctions; however, those matters are beyond the scope of this appeal and we decline to consider them.

{¶ 12} Judgment reversed and vacated.

S. POWELL and HENDRICKSON, JJ., concur.