[Cite as *State v. Smith*, 2025-Ohio-2752.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                            Court of Appeals No.  L-24-1097

    Appellee                                          Trial Court No.  CR 23 2467

v.

Devonte Smith                                      **DECISION AND JUDGMENT**

    Appellant                                         Decided: August 5, 2025

* * * * *

Julia R. Bates, Prosecuting Attorney, and,
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Adam Houser, for appellant.

* * * * *

**OSOWIK, J.**

We sua sponte place this appeal on the accelerated calendar pursuant to 6th

Dist.Loc.App.R. 12, and this judgment entry is not an opinion of the court pursuant to

S.Ct.R.Rep.Op. 3.1.

This is an appeal from the March 21, 2024 judgment by the Lucas County Court of

Common Pleas, which sentenced appellant, Devonte Abdul Smith, to serve a total stated

prison term of four to five years after appellant pled guilty to two counts of felonious

assault, violations of R.C. 2903.11(A)(2) and second -degree felonies under R.C. 2903.11(D)(1)(a), each with attached firearm specifications, violations of R.C. 2941.141. Appellant was ordered to serve a minimum prison term of two years and a maximum indefinite term of three years for each count of felonious assault to be served concurrently. Then the trial court imposed mandatory, one-year prison terms for each firearm specification to be served consecutively under R.C. 2929.14(C)(1)(a).

Briefly, on September 14, 2023, appellant shot at the Toledo home of the victim after the victim confronted him in the adjacent alley and field. Appellant was cutting through a field on his way to a friend's house when the victim came out of his home and confronted him for doing that. Appellant adjusted his jacket, which revealed his legally-owned gun to the victim. The victim then produced his own weapon and fired it at appellant. Appellant told police he returned fire in self-defense. The victim called the police, who arrested appellant without incident.

The trial court summarized the events at the sentencing hearing:

> Well, Mr. Smith, no one here was there other than you and the victims in this case. I understand the position that you took in terms of the facts of this case and why you felt justified in firing your weapon on the date in question. If I believe your version of the events – and, again, this is just further evidence of why more guns in society today are leading to the increased number of shootings within the city. They perceived you to have a weapon, and in close proximity to the property, they feel justified in firing at you, and then you feel justified in returning fire towards them. If I believe what they indicate that you were walking in the vicinity of their property and they encounter you with a weapon and they fire at you, either way the presence of all of these guns is what has lead you before me today having entered a guilty plea to these charges and specifications.

2.

Pursuant to App.R. 11.1(E), we hereby render our decision and affirm the trial court's judgment.

Appellant sets forth two assignments of error:

1. The trial court made reversible error when it stayed the destruction of appellant's firearm instead of returning appellant's firearm to a qualified adult.

2. The trial court made reversible error when it stated that it had no discretion in splitting appellant's sentence and had to sentence appellant to prison on the underlying felonies as well as the gun specifications.

We will address the assignments of error out of order.

Appellant relies on *State v. Logan*, 2023-Ohio-1135 (8th Dist.) to support his second assignment of error. Appellant argued that this court should stay this appeal pending the Ohio Supreme Court's resolution of the conflict between *Logan* and this court's decision in *State v. Culp*, 2020-Ohio-5287 (6th Dist.). On August 5, 2024, appellant prematurely moved this court for an order of stay, which this court denied on August 9. Since then, the Ohio Supreme Court resolved the foregoing conflict in favor of this court's decision in *Culp* and contrary to appellant's argument in this appeal. *State v. Logan*, 2025-Ohio-1772. In particular, the Supreme Court rejected appellant's argument that the trial court had discretion to "split" his mandatory sentence rather than apply the sentencing laws as written. *Id.* at ¶ 18. "R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence on an offender convicted of a felony offense that has a corresponding firearm specification." *Id.* at ¶ 25.

Appellant's second assignment of error is not well-taken.

3.

Appellant relies on *State v. Humphrey*, 2022-Ohio-2456, ¶ 10 (12th Dist.) to support his first assignment of error. Appellant argues the plea agreement contained the entire agreement of the parties, and the forfeiture and destruction of the firearm was not included in the plea agreement. Appellant argues he received no notice from appellee of its intent to destroy or seek forfeiture of the firearm. Appellant concludes the trial court "had no authority to allow the state to seize or destroy the firearm and should have returned the firearm to the qualified adult" proposed by appellant. Appellant urges us to remove the trial court's stay pending this appeal.

In response, appellee does not address the plea agreement. Rather, appellee argues there was no trial court error for three reasons. First, the trial court's firearm-destruction order, which was never written and journalized, is not a final appealable order, citing *State v. Gilmer*, 2005-Ohio-1387, ¶ 6 (6th Dist.). Appellee then argues that the firearm-destruction order is severable from the remainder of the trial court's March 22, 2024-journalized sentencing entry, citing *State v. Brimacombe*, 2011-Ohio-5032, ¶ 72 (6th Dist.). Second, law enforcement properly seized appellant's firearm pursuant to R.C. 2981.01(A)(2). In addition, regardless of whether appellee commenced criminal forfeiture proceedings under R.C. 2981.04, appellant waived those arguments because he never challenged appellee's authority in the trial court, citing *State v. Ortiz*, 2023-Ohio-2623, ¶ 8 (6th Dist.). Third, appellant never complied with R.C. 2981.03(A)(4) by filing a motion for release of the firearm.

4.

Firearm destruction is governed by R.C. 2981.12(A)(2), which generally provides that forfeited property, such as a firearm in law-enforcement custody, shall be disposed of by court order to include destruction by the bureau of criminal identification and investigation of any firearms not given to law enforcement or sold. When law enforcement seizes property subject to forfeiture pursuant to R.C. 2981.03(A)(2), the "state then acquires provisional title and retains the property until a final adjudication can occur by means of either a criminal forfeiture specification (R.C. 2981.04) or a civil forfeiture petition (R.C. 2981.05)". *State v. Glanton*, 2020-Ohio-834, ¶ 14 (6th Dist.), citing R.C. 2981.03(A)(1). Appellee admits it did not initiate either criminal or civil forfeiture proceedings, under R.C. 2981.04 and R.C. 2981.05, respectively, for the firearm in this matter, and a final adjudication has not yet occurred.

The record shows that the issue of the firearm's destruction arose during the sentencing hearing on March 18, 2024, when the trial court initiated the issue by asking the parties, "Is there a firearm to be destroyed?" Appellee responded that since the firearm cannot be returned to appellant, now under a disability, it verbally requested the firearm be destroyed. Appellant objected and argued that the legally-owned firearm be transferred to "another family member." The trial court then held an off-record bench conference with the parties after which it announced, "After consultation at the bench, I'm going to order the firearm be forfeited and destroyed, but stay any destruction until any appeal is either filed or not filed."

5.

We do not know if the plea agreement was discussed during the off-record conference. A plea agreement is governed by the principles of contract law and is subject to negotiation. *State v. Bagner*, 2020-Ohio-5113, ¶ 6 (6th Dist.). However, the record before us shows that nothing about forfeiting the firearm was included in the plea agreement, was raised during the plea colloquy, or was mentioned in the trial court's February 21, 2024-journalized entry for the February 20 change-of-plea hearing.

This court lacks jurisdiction, under Ohio Const. art. IV, § 3(B)(2), to review the verbal order because it is not a final appealable order under R.C. 2505.02(B) and Civ.R. 54(B). Unlike *Brimacombe*, the trial court's verbal firearm-destruction order is not in the journalized sentencing entry, and resentencing is not a remedy. *Brimacombe*, 2011-Ohio-5032, at ¶ 4 and 72 (6th Dist.). Like *Brimacombe*, the trial court's verbal order "was a de facto forfeiture that was inconsistent with" the statutory requirements under R.C. 2941.1417 and Chapter 2981, even though appellant's conviction imposes a legal disability from acquiring, owning, possessing, using, or carrying a firearm. *Id.* at ¶ 66-68. The verbal order was a "provisional remedy" under R.C. 2505.02(A)(3), and, unlike *Brimacombe,* the trial court explicitly stayed the firearm's destruction during this appeal. *Id.* at ¶ 70. Therefore, the matter of the firearm's destruction is still pending before the trial court, and appellant has the opportunity to raise his plea-agreement argument with the trial court prior to the final adjudication. The enforceability of the trial court's verbal order under contract principles or otherwise remains with the trial court.

Accordingly, appellant's first assignment of error is not well-taken.

6.

The judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE