[Cite as *State v. Hamm*, 2016-Ohio-2938.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103230**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JOSHUA HAMM

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590162-E

**BEFORE:** Keough, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 12, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the sentence imposed after defendant-appellee, Joshua Hamm ("Hamm"), pleaded guilty to attempted criminal gang activity, intimidation, and attempted felonious assault. We affirm.

## I. Background

{¶2} In November 2014, Hamm and 13 codefendants were indicted. Hamm subsequently pleaded guilty to amended Count 1, attempted criminal gang activity in violation of R.C. 2923.02 and 2923.42(A); Count 53, intimidation in violation of R.C. 2921.03(A); and Count 60, attempted felonious assault in violation of R.C. 2923.01 and 2903.11(A)(1). All the offenses were felonies of the third degree; Counts 53 and 60 each carried an accompanying criminal gang activity specification, as set forth in R.C. 2941.142(A). In exchange for his plea, the other charges against Hamm were nolled.

{¶3} The trial court subsequently sentenced Hamm to 2 years incarceration on the criminal gang activity specifications on Counts 53 and 60, concurrent, and to 60 months of community control sanctions on Counts 1, 53, and 60, to be served at the conclusion of the prison term. The state now appeals from this sentence.

## II. Analysis

{¶4} The state argues that the trial court's sentence on Counts 53 and 60 is contrary to law because the court imposed community control sanctions on the underlying felony and a prison term on the accompanying criminal gang activity specification. The state contends that the sentence on each count is an inappropriate "split sentence" because the court imposed both a prison term and community control for the same offense.

**{¶5}** We will not reverse the sentence imposed unless we clearly and convincingly find that it is contrary to law. *See* R.C. 2953.08(G)(2).

**{¶6}** "'Current felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count.'" *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2098, 35 N.E.3d 512, ¶ 13, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 21. "[T]he sentencing statute does not allow a trial court to impose both a prison sentence and community control for the same offense." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 789, ¶ 5 (8th Dist.). Rather, "the trial court must 'decide which sentence is appropriate — prison or community control sanctions — and impose whichever option is deemed to be necessary.'" *Id.*, quoting *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16 (7th Dist.).

**{¶7}** A specification is not an element of the underlying offense nor a separate offense in itself. Instead, a specification is a sentencing provision that enhances the penalty for the associated predicate offense. *State v. Moore*, 8th Dist. Cuyahoga No. 101658, 2015-Ohio-1026, ¶ 18 (E.T. Gallagher, J., concurring in judgment only); *State v. Noor*, 10th Dist. Franklin No. 13AP-165, 2014-Ohio-3397, ¶ 51, fn. 2.

**{¶8}** The state contends that because a specification is completely dependent on the existence of the underlying offense, the offense plus the specification constitute "the entire count" and, therefore, by imposing community control sanctions on the underlying offense and a prison term on the specification, the trial court violated the prohibition against split sentences. We disagree.

**{¶9}** In *Moore*, *supra*, the defendant argued that the three-year mandatory prison term on the firearm specification and the community control sanctions on the underlying offense was contrary to law because it constituted an improper "split sentence." However, as explained in the concurring opinion in *Moore*, imposing community control on an underlying offense and prison on an accompanying specification does not implicate the "split sentence" prohibition precisely because a specification is not part of the underlying offense but merely a sentencing enhancement to that offense. Thus, the trial court's sentence in *Moore* was not contrary to law. *Id.* at ¶ 18.

**{¶10}** The state argues that this case is different from *Moore*, however, because *Moore* involved a firearm specification, and this case involves the criminal gang activity specification under R.C. 2929.14(G), which the state contends requires the trial court to impose a prison sentence on the underlying offense. R.C. 2929.14(G) states:

> If an offender who is convicted of or pleads guilty to a felony that is an offense of violence also is convicted of or pleads guilty to a specification of the type described in section 2941.142 of the Revised Code that charges the offender with having committed the felony while participating in a criminal gang, the court shall impose upon the offender an *additional* prison term of one, two, or three years.

(Emphasis added.)

**{¶11}** The state contends that because R.C. 2929.14(G) states that the trial court is required to impose an "additional" prison term on the specification, the court must necessarily impose a prison sentence on the underlying offense. The state argues that by including the word "additional," the legislature intended that the offender be given a prison sentence on the underlying offense, as well as on the criminal gang specification;

in other words, that the prison sentence on the specification is in addition to the prison sentence on the underlying offense.

{¶12} We disagree that the word "additional" in R.C. 2929.14(G) necessarily requires a prison sentence on the underlying offense. The legislative history and notes to R.C. 2929.14(G) offer no indication that the legislature intended to require a prison sentence on the underlying offense. Moreover, it is well established that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally in favor of the accused." R.C. 2901.04(A). Thus, we read "additional" in context as requiring a prison sentence in addition to whatever sentence is imposed on the predicate offense, whether it be prison or community control sanctions.

{¶13} The state also directs us to this court's decision in *State v. Webb*, 8th Dist. Cuyahoga No. 73974, 1998 Ohio App. LEXIS 5460 (Nov. 19, 1998), as support for its argument that the trial court may not impose community control sanctions on the predicate offense while imposing prison on the specification. In *Webb*, the defendant pleaded guilty to involuntary manslaughter, a third-degree felony with a possible sentence of one to five years in prison. *Id.* at *2. He also pleaded guilty to a one-year firearm specification. The trial court sentenced the defendant to one year in prison on the involuntary manslaughter count and one year on the firearm specification. The court then suspended the sentence on the involuntary manslaughter offense and ordered that the defendant be returned to jail after completing the one-year sentence on the firearm specification, at which time he would be placed on five years of community control sanctions and serve two consecutive six-month sentences in jail. *Id.* at *3. The defendant appealed his sentence.

**{¶14}** On appeal, this court held that by suspending the one-year sentence on the involuntary manslaughter count and ordering the defendant returned to the Cuyahoga County jail to serve two six-month terms after completing the one-year term on the firearm specification, the trial court had improperly ordered the defendant to serve his term on the involuntary manslaughter count in a local institution, rather than an institution under the control of the department of rehabilitation and correction pursuant to former R.C. 2929.221 (now R.C. 2929.34).  This court reversed the sentence and remanded for resentencing, finding that the trial court was required to sentence the defendant to one to five years on the involuntary manslaughter count consecutive to the sentence on the firearm specification.  This court noted that after the sentence on the firearm specification was completed, the trial court could entertain a motion for judicial release and then sentence the defendant to community control sanctions, including local county jail time if appropriate.  *Id.* at *7.

**{¶15}** *Webb* is not on point for several reasons.  First, unlike this case, the underlying felony (involuntary manslaughter) was a nonprobationable offense subject to a sentence of one to five years in prison.  *Id.* at *2.  Hence, the trial court was required to impose a prison sentence on the underlying felony.  In this case, the underlying offenses of intimidation and attempted felonious assault are third-degree felony offenses without any presumption of prison.

**{¶16}** Furthermore, as noted in the concurring opinion in *Webb*, the majority opinion did not adequately address the central issue of the case:  whether community control sanctions may be imposed for an underlying felony when a mandatory prison sentence is required for an accompanying firearm specification.  The concurring opinion

did address this issue, however, and found that where a trial court is not required to impose a prison sentence on the underlying felony, even where prison is mandatory for the accompanying specification, a trial court may impose community control sanctions on the underlying felony. *Id.* at \*12.

{¶17} Accordingly, because the trial court in this case could properly impose community control sanctions on the underlying offenses while imposing prison on the accompanying criminal gang activity specifications, the trial court's sentence was not contrary to law. The state's assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR