[Cite as *State v. Logan*, 2023-Ohio-1135.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 111533 |
| v. | : | |
| JADYN LOGAN, | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 6, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-663779-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant the state of Ohio appeals the sentence that the trial court imposed on defendant-appellee Jadyn Logan ("Logan") following Logan's guilty plea to one count of attempted having weapons while under disability with a

one-year firearm specification. The trial court imposed a one-year mandatory prison term for the firearm specification and a two-year community-control term for the underlying felony. The state argues that the trial court was required by statute to impose a prison sentence with respect to the portion of the sentence attributable to the underlying felony.

{¶ 2} On this appeal we must decide whether a defendant who is sentenced to one year of mandatory prison time for a firearm specification alleging possession of a firearm during the commission of a felony is eligible to receive community-control penalties for the felony underlying the specification. Our resolution of this question will have the collateral effect of determining, among other things, whether a prison sentence imposed on an underlying felony that carries mandatory prison time as a result of a firearm specification is a "mandatory prison term" without the opportunity for judicial release. *See* R.C. 2929.20(C); *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 16 (noting that R.C. 2929.13(F) limits the court's discretion to reduce mandatory prison terms "pursuant to R.C. 2929.20 (judicial release), R.C. 2967.193 (deduction for participation in certain prison programs), or any other provision of R.C. Chapter 2967 or 5120 (pardon, parole, probation), except in certain enumerated circumstances"); *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶ 11.

{¶ 3} After a thorough consideration of the detailed briefing and argument presented by the parties on this important question, and for the reasons that follow, we affirm Logan's sentence.

## I.  Factual Background and Procedural History

{¶ 4} A Cuyahoga County Grand Jury indicted Logan in October 2021 for several firearm-related offenses.  Logan pleaded guilty in April 2022 to one count of attempted having weapons while under disability, a fourth-degree felony.  *See* R.C. 2923.02, 2923.13(A)(2), 2923.13(B).   The charge included a one-year firearm specification under R.C. 2941.141(A) and a forfeiture specification.   The state dismissed the remaining counts in the indictment.

{¶ 5} During Logan's change-of-plea hearing, the trial court described the possible penalties for the proposed plea as follows, in relevant part:

> Amended Count 1, attempted having weapons under disability, a felony of the fourth degree, punishable by a maximum of 18 months of incarceration and up to a $5,000 fine.  There is also a one-year firearm specification, which is mandatory time, and that must be served prior to and consecutive to any time that may be imposed on the underlying charge. * * *
>
> With regards to a felony of the fourth degree, it is a rebuttable presumption with regards to community control, and if you were to be placed on community control, there could be sanctions for up to five years instead of prison. * * *
>
> The firearm specification for which you are pleading is regarded by law as an enhancement, and so therefore, the Court could consider, as well, placing you on community control on the felony of the fourth degree and still imposing that mandatory one-year firearm specification.

{¶ 6} The assistant prosecuting attorney then confirmed that she was satisfied that the trial court had complied with Crim.R. 11 in conducting its plea colloquy.

{¶ 7} On May 12, 2022, the trial court held a sentencing hearing. The parties made arguments to the court, with each agreeing that Logan "has turned her life

around" since her last criminal case, taking steps to better her life by — among other things — attending a career-training program. At the hearing, the assistant prosecuting attorney said the following about the state's recommended sentence:

> I don't have to belabor her history. You have that in front of you in the [presentence-investigation report]. We have a one-year firearm specification in this case. I think we all know how this is going to end here today. The State of Ohio would defer to the Court when it comes to the underlying charge, the having weapons under disability.

{¶ 8} The trial court sentenced Logan to one year in prison on the firearm specification and to two years of community control for the underlying felony. The trial court imposed mandatory prison term on the firearm specification prior and consecutive to the two years of community control, ordering that Logan be returned to the Cuyahoga County Corrections Center after she is released from prison for the court to hold a hearing to advise her of her community-control obligations "and make sure that she reports there and there are no lapses with regards to time."

{¶ 9} After announcing its sentence, the trial court engaged in the following exchange with the assistant prosecuting attorney:

> THE COURT: Anything further, [assistant prosecuting attorney]?
>
> [ASSISTANT PROSECUTING ATTORNEY]: No, your Honor. Thank you.

{¶ 10} The court published a sentencing journal entry. The journal entry does not specify that the mandatory prison term is to be served prior and consecutive to the community-control term, an omission that should be corrected through a nunc pro tunc entry. The state appealed the sentence under R.C. 2953.08(B)(2). The state raises one assignment of error for review:

The Trial Court erred by not imposing a prison sentence for [a]ttempted [h]aving weapons while under disability where the offender had a firearm on or about the offender's person or under the offender's control while committing the felony.

## II. Law and Analysis

### A. Standard of Review

{¶ 11} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22–23. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support certain of the sentencing court's findings or (2) the sentence is "otherwise contrary to law." "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 12} The state did not object to Logan's sentence in the trial court, so we review the sentence only for plain error. *See, e.g.*, *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 8–9. That said, a sentence that fails to impose a mandatory provision is contrary to law and a sentence that is imposed contrary to law constitutes plain error. *Id.*

{¶ 13} The state argues that the trial court was required under R.C. 2929.13(F)(8) to sentence Logan to some term of imprisonment on the offense of

attempted having weapons while under disability. The state asks us to find that the trial court's community-control sentence on that offense is contrary to law, vacate the sentence and remand the matter to the trial court for resentencing on that offense.

### B. Relevant Legal Background

{¶ 14} Before turning to the parties' arguments specific to this case, we consider the statutes and caselaw relevant to the question presented by this appeal.

### 1. Criminal Offenses and Firearms Specifications

{¶ 15} First, we contrast criminal offenses from specifications that enhance the penalty for those offenses.

{¶ 16} Attempting to have a weapon while under a disability is a criminal offense, since doing so violates statutes of the Revised Code that "state a positive prohibition * * * and provide a penalty for violation of such prohibition" — namely R.C. 2923.02 and 2923.13(A)(2). *See* R.C. 2901.03(A) ("No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code."); R.C. 2901.03(B) ("An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty."); *see also State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 10.

{¶ 17} A firearm specification, on the other hand, is *not* a criminal offense. The statutes setting forth the specification and its punitive effect — R.C. 2929.14(B)(1)(a) and 2941.141(A) — do not contain a positive prohibition of

conduct. R.C. 2901.03(B), 2929.14(B)(1)(a), 2941.141(A); *see also Ford* at ¶ 16 (analyzing the firearm specification and its punitive effect set forth in R.C. 2941.145 and 2929.14(D)). Instead, the specification provides that *if* a defendant pleads guilty to a felony offense and, during the commission of that offense, *if* the defendant had a firearm on or about her person or under her control, the defendant's underlying felony sentence will be increased by one year in prison. R.C. 2929.14(B)(1)(a); R.C. 2941.141(A); s*ee Ford* at ¶ 16. "Thus, the firearm specification is merely a sentencing provision that requires an enhanced penalty upon certain findings." *Ford* at ¶ 16. "The purpose of a firearm specification is to enhance the punishment of criminals who voluntarily introduce a firearm while committing an offense and to deter criminals from using firearms." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 31.

{¶ 18} With this distinction in mind, we now consider the trial court's discretion to craft felony sentences.

### 2. The Trial Court's Discretion to Craft Felony Sentences

{¶ 19} A trial court has the statutory authority, in crafting a felony sentence, to impose "any sanction or combination of sanctions that are provided in sections 2929.14 to 2929.18 of the Revised Code" unless a specific penalty is required to be imposed or is precluded from being imposed pursuant to law, including in the circumstances described by R.C. 2929.13(E), (F) or (G). R.C. 2929.13(A).

{¶ 20} Attempted having weapons while under disability is a fourth-degree felony. *See* R.C. 2923.02(E)(1), 2923.13(A)(2), 2923.13(B). A fourth-degree felony

is punishable, under most circumstances, by a definite prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). A trial court may also "directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code" in lieu of imprisonment for a fourth-degree felony unless the court is required to impose a prison term, a mandatory prison term or a term of life imprisonment on the offender. R.C. 2929.15(A)(1).

{¶ 21} A trial court generally cannot, however, impose a term of imprisonment and a term of community control on an offender for the same offense, even when both types of penalties are authorized. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31 ("[W]hen a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions.").

{¶ 22} Under many circumstances,[1] a trial court must impose a prison term on an offender who pleads guilty to a firearm specification described by R.C. 2941.141, 2941.144 or 2941.145. R.C. 2929.14(B)(1)(a). Here, Logan pleaded guilty to a specification that she had a firearm on or about her person or under her control

---

[1] R.C. 2929.14(B)(1)(e), for example, describes circumstances in which the trial court is not permitted to impose the mandatory prison sentences provided for firearms specifications.

while committing the offense of attempted having weapons while under disability. R.C. 2929.141(A). Therefore, the presence of the firearm specification required the trial court to impose a mandatory one-year prison term. R.C. 2929.14(B)(1)(a)(iii).[2]

{¶ 23} Finally, we come to the statute the state relies upon for its argument that the specification required the trial court to impose a prison sentence on the underlying felony. The statute, R.C. 2929.13(F)(8), states as follows in relevant part:

> [T]he court shall impose a prison term * * * for any of the following offenses:

> Any offense, other than [carrying concealed weapons], that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm.

{¶ 24} Having set forth the relevant legal background, we turn to the parties' positions on the legality of Logan's sentence.

## C. The Parties' Positions and Relevant Caselaw

{¶ 25} The parties agree that the trial court was required to sentence Logan to one year in prison as a result of the firearm specification. There also seems to be no dispute that in the absence of a firearm specification, the trial court would have had the authority to sentence Logan to two years of community control for attempting to have weapons while under disability. The question in this appeal is

---

[2] The offense of having a weapon while under a disability is not enhanceable with a sentence from a firearm specification unless "the offender previously has been convicted of * * * any felony of the first * * * or second degree" and "[l]ess than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense." R.C. 2929.14(B)(1)(e). Here, those circumstances were met.

whether the presence of the firearm specification removed the trial court's ability to sentence Logan to a term of community control on the underlying felony, requiring it to sentence Logan to at least six months in prison on the underlying felony instead.

{¶ 26} The state argues that R.C. 2929.13(F)(8) required that a mandatory prison term be imposed on Logan for the underlying felony because Logan pleaded guilty to a firearm specification. The state further asserts that community control was not an authorized sentence for the underlying felony pursuant to R.C. 2929.15(A)(1), because the trial court was required to impose a term of imprisonment on the offense. Finally, the state argues that the trial court's sentence — which imposed a two-year term of community control for the underlying felony consecutive and subsequent to a one-year term of imprisonment for the specification — is an unlawful "split sentence" following *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 31.

{¶ 27} Logan defends the sentence by arguing that R.C. 2929.13(F)(8) only requires a mandatory prison term be imposed on the portion of the sentence attributable to the firearm specification and, by its reference to different "portions" of the sentence, explicitly permits a trial court to impose a mandatory term for a specification and a community-control term for the underlying felony; because the trial court was not required to impose a prison term on the offense, she says R.C. 2929.15(A)(1) authorizes a term of community control. Each party has directed us to caselaw from our court and other appellate districts in support of their positions.

{¶ 28} Logan directs us to three cases from our court that she says are in conflict with each other on whether community control is authorized for an underlying felony when a specification requires the imposition of a mandatory prison term: *State v. Moore*, *State v. Sharpley* and *State v. Galvan*. The state contends that the cases are not in conflict. We agree with the state that the cases are not in direct conflict.

{¶ 29} In *State v. Moore*, our court considered a defendant's argument that the trial court had failed to conduct an adequate Crim.R. 11(C) plea colloquy before the defendant entered his guilty plea to a charge of attempted felonious assault with a three-year firearm specification. *State v. Moore*, 8th Dist. Cuyahoga No. 101658, 2015-Ohio-1026, ¶ 1. The defendant argued, among other things, that the trial court failed to inform him that he was not eligible for community-control penalties on the underlying felony. Our court found that the trial court substantially complied with Crim.R. 11(C)(2) when it "told [the defendant] that he was ineligible for 'probation' with respect to a portion of his sentence [for the firearm specification], but eligible with respect to the underlying offense." *Id.* at ¶ 16. Our court held that this information "can be described only as reasonably intelligible because [the defendant] expressed no confusion." *Id.* Because the trial court had sentenced the defendant to one year in prison on the underlying offense, *id.* at ¶ 4, our court did not have occasion to consider the issue presented in this appeal. Our court found substantial compliance with Crim.R. 11(C) under similar circumstances in *State v. Taylor*, 8th Dist. Cuyahoga No. 101609, 2015-Ohio-1643 (defendant argued that the

trial court should have advised him that he was ineligible for community control in light of a firearm specification and the trial court had sentenced the defendant to prison on the underlying felony).

{¶ 30} The reasoning of *Moore* implies support for Logan's position. *See Moore* at ¶ 14 (applying emphasis to portions of R.C. 2929.13 that suggests a trial court has discretion to sentence an offender to community control except "with respect to a portion of the sentence imposed pursuant to [a firearm specification]"). The concurring opinion in *Moore*, moreover, specifically stated the opinion that the imposition of a mandatory prison term for a firearm specification and community-control penalties on the underlying felony does not constitute an improper "split sentence" because "a firearm specification is not a separate offense but, rather, a sentencing provision that enhances the penalty for the associated predicate offense." *Id.* at ¶ 18 (E.T. Gallagher, J., concurring), citing *State v. Jennings*, 10th Dist. Franklin Nos. 09AP-70 and 09AP-75, 2009-Ohio-6840, ¶ 38. Again, though, the trial court in *Moore* did not impose a community-control penalty on the underlying felony consecutive to a mandatory prison term on the firearm specification; the trial court imposed a prison term on the underlying felony.

{¶ 31} In *State v. Sharpley*, our court considered a similar fact pattern. *State v. Sharpley*, 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326. The defendant pleaded guilty to an underlying felony and a firearm specification and the trial court imposed prison sentences on both the felony and specification. *Id.* at ¶ 4, 18. The defendant argued on appeal that his guilty plea was induced by the false promise

that he would receive a one-year imprisonment sentence. *Id.* at ¶ 5. The trial court had advised the defendant during the plea colloquy that he "faced a mandatory one-year term for the one-year firearm specification, and that the [underlying felony] robbery offense carried the presumption of imprisonment but community control was also possible." *Id.* at ¶ 13. As in *Moore*, our court concluded that the trial court substantially complied with its duties under Crim.R. 11(C) in the colloquy. *Id.* Therefore, the holdings of *Moore* and *Sharpley* are not in conflict with each other.

{¶ 32} The second issue presented in *Sharpley*, though, is directly applicable to the question presented by this appeal. The defendant in *Sharpley* argued on appeal that he should have been sentenced to community control on the underlying felony. Our court held that the defendant was not eligible for community control on the underlying felony by application of R.C. 2929.13(F)(8) because he had pleaded guilty to a firearm specification that required imprisonment. *Id.* at ¶ 17. When discussing *Sharpley* at oral argument during the present appeal, the state conceded that this statement may be dicta, but we do not view it as dicta. Nevertheless, we do note that neither party in *Sharpley* raised R.C. 2929.13(F)(8) or argued that the defendant was ineligible for community control in their briefing. So, while *Sharpley*'s holding is directly applicable to the matter at hand, we are mindful that the *Sharpley* panel did not benefit from the extensive briefing that is now before us on the application of R.C. 2929.13(F)(8).

{¶ 33} In *State v. Galvan*, our court again considered a challenge to a trial court's Crim.R. 11(C) plea colloquy. *State v. Galvan*, 8th Dist. Cuyahoga No.

108658, 2020-Ohio-1285. The defendant argued that the trial court should have informed him that he was not eligible for judicial release. *Id.* at ¶ 10. Our court held that the trial court did not violate Crim.R. 11 when it did not discuss judicial release at the plea hearing; the panel reasoned that judicial release was not part of the defendant's plea. *Id.* at ¶ 18. The defendant also challenged his plea based on his counsel's statements at the sentencing hearing that suggested his counsel believed judicial release was possible. *Id.* at ¶ 19. In agreeing with the parties that defense counsel's statements were inaccurate, our court stated that "[u]nder R.C. 2929.13(F)(8), the aggravated robbery conviction requires a mandatory prison term where, as here, the defendant had a firearm on his person while committing the felony. * * * A mandatory sentence renders a defendant ineligible for judicial release. Therefore, * * * [the defendant's] sentence was mandatory, and he was not eligible for judicial release." (Citation omitted.) *Id.* at ¶ 20–21. But our court upheld the plea because the defense counsel's "erroneous statements" about judicial release were made at sentencing, not at the defendant's plea hearing. *Id.* at ¶ 22. Notably, whether the defendant was eligible for judicial release was not at issue in *Galvan*; the parties agreed with each other that he was not. Moreover, neither party in *Galvan* cited or discussed *Moore*, *Sharpley* or R.C. 2929.13(F)(8) in their briefing. Therefore, while the panel's discussion of R.C. 2929.13(F)(8) in *Galvan* supports the state's position on this appeal, the *Galvan* Court did not have the opportunity to consider the issue presented by this appeal because of the parties' positions and the procedural posture of the case.

{¶ 34} These three opinions from our court are not in conflict with each other. The reasoning of *Moore* suggests a disagreement with *Sharpley*'s holding and *Galvan*'s statement about the effect of R.C. 2929.13(F)(8), but the court in *Moore* did not consider whether a trial court can sentence a defendant to community control on an underlying felony where the defendant is subject to a mandatory prison term for a firearm specification. The actual holdings of *Moore* and *Galvan* — regarding whether a trial court substantially complies with Crim.R. 11 when it does not inform the defendant that the defendant is not eligible for judicial release during a plea colloquy — are fully consistent with *Sharpley*'s holding on that issue.

{¶ 35} Therefore, the state of the law from our district on the issue presented by this appeal is that a defendant is not eligible for community control on an underlying felony by application of R.C. 2929.13(F)(8) where the defendant pleaded guilty to a firearm specification that requires imprisonment. *Sharpley* at ¶ 17; *cf. Galvan* at ¶ 20–21.

{¶ 36} We turn now to a consideration of cases from other appellate districts that have addressed this question. There is significant support for the state's position to be found in these opinions.

{¶ 37} In *State v. Wofford*, a panel of the First District Court of Appeals considered a sentence imposed on a defendant who had pleaded guilty to involuntary manslaughter with an accompanying three-year firearm specification. *State v. Wofford*, 1st Dist. Hamilton No. C-180411, 2019-Ohio-2815, ¶ 2. The trial court had sentenced the defendant to 11 years in prison on the underlying felony and

three years for the firearm specification, to be served consecutively. *Id.* The defendant argued on appeal that the trial court erred by failing to consider community control as a possible sentence on the underlying offense. *Id.* at ¶ 4. The appellate panel found no error, reasoning as follows:

> R.C. 2929.13(F)(8) requires the court to impose a prison term for any felony offense, except a violation of R.C. 2923.12 (carrying a concealed weapon), during which the offender had a firearm on or about his person or under his control while committing the felony, with respect to a portion of the sentence imposed pursuant to R.C. 2929.14(B)(1)(a). * * *
>
> [The defendant] admitted to committing a felony while having a firearm on his person or under his control. Therefore, pursuant to R.C. 2929.13(F)(8), the trial court was required to impose a prison sentence for the involuntary-manslaughter offense.

*Id.* at ¶ 8, 10.

{¶ 38} In *State v. Shields*, a panel of the Second District Court of Appeals considered a defendant's argument that the trial court should have considered community-control penalties on an underlying aggravated robbery conviction notwithstanding that the defendant pleaded guilty to a firearm specification. *State v. Shields*, 2d Dist. Montgomery No. 28573, 2020-Ohio-3204, ¶ 3. The appellate court held that R.C. 2929.13(F)(8) required a prison sentence on the underlying felony, reasoning that the statute "mandates a prison term for aggravated robbery when the offense is committed with a firearm" and "[b]y pleading guilty to the firearm specification, [the defendant] agreed that he had a firearm on or about his person or under his control while committing the aggravated robbery." *Id.* at ¶ 9, 11.

{¶ 39} In *State v. Wolfe*, a panel of the Third District Court of Appeals considered a sentence imposed on a defendant who had pleaded guilty to aggravated robbery with an accompanying firearm specification. *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 23. The trial court sentenced the defendant to a "mandatory minimum term" of six years in prison on the underlying felony, in addition to the mandatory prison term for the firearm specification. *Id.* at ¶ 16. The defendant argued that the trial court erred when it concluded that R.C. 2929.13(F)(8) required the imposition of a mandatory minimum sentence. *Id.* at ¶ 23. He argued that the statute requires a sentence of imprisonment on the underlying offense but "does not transfer the mandatory-ness of the gun specification to the underlying offense." *Id.* The appellate panel disagreed. *Id.* at ¶ 24. The panel held that the defendant, by pleading guilty to the firearm specification, "acknowledged that his accomplices brandished a firearm while committing the aggravated robbery[;] [a]ccordingly, under R.C. 2929.13(F)(8), the trial court was required to impose a mandatory prison sentence upon [the defendant's] conviction for the aggravated robbery offense." *Id.* at ¶ 25.

{¶ 40} In *State v. Culp*, a panel of the Sixth District Court of Appeals considered a criminal sentence imposed on a defendant who had pleaded no contest to third-degree robbery and a one-year firearm specification. *State v. Culp*, 2020-Ohio-5287, 162 N.E.3d 194, ¶ 3 (6th Dist.). The trial court sentenced the defendant to one year in prison on the firearm specification and four years of community control — including six months in a community-based correctional facility — on the

underlying robbery conviction; the community-control penalty was to be served concurrently with the prison term on the firearm specification. *Id.* at ¶ 8. The trial court also awarded jail-time credit against the one-year prison sentence, finding that to deny jail-time credit would violate the defendant's equal-protection rights. *Id.* at ¶ 7–8. While the state's appellate argument seemed to focus on the trial court's decision to reduce the mandatory prison term on the firearm specification by awarding jail-time credit, the appellate court found that it did not need to reach the merits of that argument because "[the defendant's] sentence is contrary to law because R.C. 2929.13(F)(8) requires the trial court to impose a prison sentence on [the defendant's] underlying robbery conviction." *Id.* at ¶ 10.

{¶ 41} The appellate panel reasoned as follows:

> Under the plain language of the statute, when a defendant is convicted of committing *any* felony (with the exception of carrying concealed weapons) while having or controlling a firearm, the court is required to impose a prison term — *not* community control sanctions — in addition to the mandatory prison term for the firearm specification required by R.C. 2929.14(B)(1)(a). * * *
>
> A plea to or conviction of a firearm specification automatically meets the criteria in R.C. 2929.13(F)(8) that triggers a mandatory prison term for the underlying offense — i.e., it shows that the "offender had a firearm on or about the offender's person or under the offender's control while committing the felony * * *." *See Shields* at ¶ 11. Moreover (and particularly relevant to [the defendant's] case), a defendant who commits a crime while having or controlling a firearm — and is thus subject to a mandatory prison sentence under R.C. 2929.13(F)(8) — is not eligible for community control sanctions. The very first sentence of the community control statute states that a court may impose a sentence that "consists of one or more community control sanctions * * *" *only if* "the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment on the offender." R.C. 2929.15(A)(1).

(Citations omitted.) *Culp* at ¶ 13–14.

{¶ 42} In *State v. Christian*, a panel of the Seventh District considered a sentence imposed on a first-degree felonious assault conviction with a firearm specification. *State v. Christian*, 7th Dist. Mahoning No. 02 CA 170, 2005-Ohio-1440, ¶ 1. The defendant argued on appeal, among other things, that the trial court did not make sufficient findings to support the eight-year sentence it imposed in the case. *Id*. ¶ 2, 63. It does not appear that the defendant argued that the trial court could have imposed a community-control penalty on the underlying felony; he seems to have focused his argument on the trial court's finding that a minimum prison sentence would demean the seriousness of the offense. *See id*. at ¶ 72, 74. Nevertheless, the appeals court did state — without analysis — that the defendant's "conviction of felonious assault on a peace officer" "involves a mandatory prison term," citing R.C. 2929.13(F)(8). *Id*. at ¶ 65, 80. Other cases have come to the same conclusion with respect to other underlying felonies, also without significant analysis. *See State v. White*, 10th Dist. Franklin No. 10AP-34, 2011-Ohio-2364, ¶ 74 ("Both attempted murder and aggravated robbery, as first degree felonies charged in this case with firearm specifications, require imposition of mandatory prison time, R.C. 2929.13(F)(8) * * *.").

{¶ 43} These out-of-district authorities, while not binding on us, strongly support the state's reading of R.C. 2929.13(F)(8). But there is some support to be found for Logan's position outside of our district, too. In *State v. Roush*, a panel of the Fifth District considered a 19-year sentence imposed on a defendant based on a

guilty plea to first-degree attempted murder with a two-year firearm specification and a seven-year firearm specification. *State v. Roush*, 5th Dist. Morrow No. 13CA0008, 2014-Ohio-4887, ¶ 7–9. The trial court had found that the ten-year portion of the sentence attributable the underlying felony was a mandatory prison sentence by operation of R.C. 2929.13(F)(8). *Id.* at ¶ 7. The appellate court disagreed, finding that R.C. 2929.13(F)(8) "requires the firearm specification penalty be made mandatory, but not the penalty for the underlying offense." *Id.* at ¶ 35, 39–40. This finding was dicta, though, because the appeals court ultimately affirmed the conviction based on res judicata because the defendant had not filed a direct appeal. *Id.* at ¶ 51.

{¶ 44} Having set forth the parties' positions and the authorities they have mustered in support, we turn at last to our own consideration of the matter.

**D. Analysis**

{¶ 45} To answer the question presented by this appeal, we must first consider whether R.C. 2929.13(F)(8) required the trial court to sentence Logan to a mandatory prison term on the underlying felony offense. If we answer that question in the affirmative, we will reverse. If we answer that question in the negative, we must then consider whether the Revised Code authorized the trial court to sentence Logan to community control on the underlying offense while imposing a mandatory prison term for the specification. The latter inquiry, in turn, involves a consideration of whether Logan received an unlawful split sentence.

### 1. R.C. 2929.13(F)(8) Does Not Require the Imposition of a Mandatory Prison Term on the Underlying Felony Here

{¶ 46} After careful consideration, we conclude that R.C. 2929.13(F)(8) only requires that a trial court impose the prison term set forth in R.C. 2929.14(B)(1)(a) when crafting a sentence for a felony offense (other than a violation of R.C. 2923.12) that carries a firearm specification; it does not require a trial court to impose a prison term on the felony offense underlying a firearm specification.

{¶ 47} The state emphasizes that R.C. 2929.13(F)(8) refers to "offenses"; the statute requires a mandatory prison term "for any of the following *offenses*: * * * [a]ny *offense* * * * that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony * * *." (Emphasis added.) The state says that the only offense in this case is the underlying felony because a firearm specification is not an offense and asserts that the statute thus requires a prison term for that "offense."[3] The state argues that the legislature would have written the statute to specifically refer to specifications if it had intended to only make the sentence attributable to the specification mandatory, and not the underlying felony.

{¶ 48} Logan's argument rests on the final few words of R.C. 2929.13(F)(8); the statute requires a mandatory prison term "for any of the following offenses: * * *

---

[3] The state has advocated for the contrary position in other matters. In *State v. Culp*, for instance, the state recommended that the trial court impose a prison sentence on a firearm specification, followed by a term of community control on the underlying felony. *Culp*, 2020-Ohio-5287, 162 N.E.3d 194, at ¶ 3.

any offense that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, *with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)] for having the firearm*." (Emphasis added.) Logan contends that the state's argument inexplicably reads this phrase out of the statute. We agree.

{¶ 49} The state offers us no real explanation about what this phrase means, if not that a mandatory prison term is only required for the portion of the sentence attributable to the specification. The state points out that a former version of R.C. 2929.14 stated as follows, in relevant part:

> "[I]f an offender who is convicted of or pleads guilty to a felony is also convicted of or pleads guilty to [a firearm specification], the court, after imposing a prison term on the offender for the felony * * *[,] shall impose an additional [mandatory] prison term [for the firearm specification]."

(Alterations added.) *State v. Kehoe*, 133 Ohio App.3d 591, 616, 729 N.E.2d 431 (12th Dist.1999), quoting the former R.C. 2929.14(D)(1)(a)(i).

{¶ 50} The state also directs us to the Legislative Service Commission Synopsis of House Amendments to S.B. 269, which states that the amending legislation "requires that a mandatory firearm term be served consecutively to (existing law) and prior to (new) the prison term imposed for the underlying felony and consecutively to any other prison term imposed on the offender." Legislative Service Commission Synopsis of House Amendments, Am. Sub. S.B. 269, 121st General Assembly, p. 4. These citations do not persuade us to depart from the plain language of R.C. 2929.13(F)(8).

{¶ 51} The Supreme Court has instructed that, "when analyzing an issue of statutory interpretation, '[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact.'" *State v. Bollar*, Slip Opinion No. 2022-Ohio-4370, ¶ 10, quoting *State v. Hudson*, Slip Opinion No. 2022-Ohio-1435, ¶ 21. "If the statute's language is plain and unambiguous, we apply it as written." *Bollar* at ¶ 10, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52.

{¶ 52} We find that the language of R.C. 2929.13(F)(8) is plain and unambiguous. The statute requires that a trial court, when crafting a sentence for a felony (other than a violation of R.C. 2923.12) that is enhanced with a firearm specification, impose the definite prison term prescribed by R.C. 2929.14(B)(1)(a) as a mandatory prison term. The statute does not require the imposition of a mandatory prison term with respect to the felony underlying the firearm specification. *See also* Ohio Criminal Sentencing Commission, Felony Sentencing Quick Reference Guide (Dec.2019), p. 4, https://www.supremecourt.ohio.gov/Boards/Sentencing/resources/judPractition er/felonyQuickRef.pdf (accessed Mar. 14, 2023) (identifying that under R.C. 2929.13(F)(8), among other statutory sections, "Time for specification is mandatory; Term for the underlying offense may or may not be."); *State v. Webb*, 8th Dist. Cuyahoga No. 73974, 1998 Ohio App. LEXIS 5460, 11–12 (Nov. 19, 1998) (reading a former version of R.C. 2929.13(F)(8) with substantially similar language

to "make[] a prison sentence mandatory only for the firearm specification, but not for the underlying felony") (Karpinski, J., concurring in judgment only).

{¶ 53} To read the statute in the way the state suggests would be to read the last phrase out of the statute. The statutory reference to "offenses," as opposed to "specifications," is logical; a specification is merely "a sentence enhancement that attaches to a predicate offense." *Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, at ¶ 16.[4]

{¶ 54} A consideration of the former version of R.C. 2929.14 supports this conclusion. While the statute required a prison sentence on the underlying felony conviction, only the "additional prison term" attributable to the firearm specification was prohibited from being reduced through judicial release, earned credit or other provisions of R.C. Chapter 2967. That fact supports a conclusion that R.C. 2929.13(F)(8) similarly provides for a mandatory prison term only for the portion of a felony sentence imposed pursuant to a firearm specification.

{¶ 55} We acknowledge that our holding conflicts with our court's holding in *State v. Sharpley,* 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326, ¶ 17, although we note that we were presented here with a fuller opportunity to consider

---

[4] While the Supreme Court found that an offender can be sentenced on a firearm specification that accompanied a merged count, *Bollar* at ¶ 18, it did so relying on the plain language of a R.C. 2929.14(B)(1)(g), a statute that specifically addressed that issue. *See id*. at ¶ 19–21. That the legislature required a sentence for a specification even in the absence of an underlying felony sentence under specific enumerated circumstances does not convince us that we should disregard the final phrase of R.C. 2929.13(F)(8) solely because the statute uses the word "offenses."

the question.  We also acknowledge that our holding conflicts with the holdings of several cases from other appellate districts, including *Wolfe*, 2022-Ohio-96, at ¶ 23–25.  In our view, though, R.C. 2929.13(F)(8) cannot be read in any other way than we do here.  *See also* R.C. 2901.04(A) ("[S]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.").

{¶ 56} Having concluded that R.C. 2929.13(F)(8) does not require a trial court to impose a mandatory prison term on an underlying felony, even if there is a firearm specification attached to the felony, we turn to a consideration of whether the trial court was permitted to sentence Logan to a term of community control for attempted having weapons while under disability.

### 2. Community Control Was an Authorized Sentence for the Underlying Felony

{¶ 57} The state argues that the trial court's imposition of community control on the underlying felony, to be served after a mandatory term of imprisonment for the firearm specification, was an unlawful split sentence.  It also argues that community control was not available under R.C. 2929.15(A)(1) because the court was required to impose a prison term on the offense.

{¶ 58} There is some support for the state's argument.  In *State v. Ervin*, a panel of the Twelfth District considered a sentence imposed on a defendant for two second-degree felonies, one of which carried a firearm specification.  *State v. Ervin*, 2017-Ohio-1491, 89 N.E.3d 1, ¶ 2 (12th Dist.).  The trial court sentenced the defendant to a mandatory three-year prison term for the gun specification and five-

year terms of community control on each of the underlying-felony counts. *Id.* The community-control penalties were to be served consecutive to and after the prison term. *Id.* The defendant successfully completed her prison sentence but she subsequently violated her community control; the trial court then imposed prison terms on each of the underlying felony convictions and the defendant appealed. *Id.* at ¶ 3. The appeals court reversed, holding that the trial court's initial sentence was an unlawful "blended sentence" and that a trial court has no authority to impose consecutive community-control sanctions following a prison term, with limited exceptions. *Id.* at ¶ 23. In reaching this conclusion, the panel relied on our court's en banc decision in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.) and the Ohio Supreme Court's opinion in *Anderson*, 143 Ohio St.3d at 173, 2015-Ohio-2089, 35 N.E.3d 512.

{¶ 59} Logan defends the sentence by arguing that the legislature specifically authorized the sentence imposed on her by only requiring mandatory prison time for the "portion" of a sentence attributable to a firearm specification. Logan's argument is essentially that the reference to a "portion" of a sentence in R.C. 2929.13(F)(8) presupposes that a trial court's sentence on a felony enhanced by a firearm specification can properly be divided into "portions," with one portion served in prison and the other on community control.

{¶ 60} Our court has previously held that a trial court may impose community-control sanctions on an underlying offense that does not require imprisonment while imposing prison on an accompanying specification that does

require imprisonment. *See State v. Hamm*, 2016-Ohio-2938, 65 N.E.3d 143, ¶ 17 (8th Dist.) (underlying third-degree felony with a gang-activity specification under R.C. 2929.14(G)).

{¶ 61} The panel in *Hamm*, which included then-Judge Melody J. Stewart, disagreed with the exact argument put forth by the state here: because a trial court must impose "*either* a prison term *or* community control sanctions on each count" — (emphasis added) *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 23 — and because a specification is completely dependent on the existence of an underlying offense, "the offense plus the specification constitute 'the entire count'" and the trial court cannot impose both community control and imprisonment for the same offense. *Hamm* at ¶ 6–8. In rejecting this argument, the panel concluded that "imposing community control on an underlying offense and prison on an accompanying specification does not implicate the 'split sentence' prohibition precisely because a specification is not part of the underlying offense but merely a sentencing enhancement to that offense." *Id.* at ¶ 9. Thus, "where a trial court is not required to impose a prison sentence on the underlying felony, even where prison is mandatory for the accompanying specification, a trial court may impose community control sanctions on the underlying felony." *Id.* at ¶ 16.

{¶ 62} The state acknowledges *Hamm* but argues that it is distinguishable because it did not involve an offense for which a mandatory term was required under R.C. 2929.13(F)(8), a reading of that statute which we rejected above. The state also asks us to reconsider *Hamm*, asserting that a sentence of community control on a

felony underlying a specification that mandates imprisonment violates the split-sentence doctrine.  We are persuaded to follow *Hamm*'s reasoning and hold that community control was an authorized sentence on the fourth-degree felony at issue here.

{¶ 63} The Supreme Court in *Anderson* noted that in the mid 1990s the legislature ended the "regular practice" among trial courts of imposing and then suspending prison sentences in favor of probation; since that legislative overhaul of the sentencing statutes, prison terms and community-control sanctions are now "alternative sanctions." *See Anderson* at ¶ 21–23, 28.  Therefore, "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id*. at ¶ 31.  Our court described the line of Supreme Court cases addressing the "split-sentence doctrine" since *Anderson* as follows:

> A court may also not impose a community-control sanction on one count consecutive to a prison term on another count absent statutory authority. *State v. Hitchcock*, 175 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 25.  However, the Supreme Court of Ohio has held that a court may impose both a prison term for one offense and a community-control term for another offense in the same case. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 9.  The *Paige* Court went on to hold that the trial court could not impose what amounted to a consecutive term of commitment to a community-based correctional facility after release from prison. *Id*. at ¶ 13.

*State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-3033, ¶ 12.

**{¶ 64}** We do not read these authorities to prohibit what the trial court did here. The trial court, when sentencing Logan for the fourth-degree felony offense to which she pleaded guilty, had the choice between imposing an authorized prison term or imposing community-control sanctions; it chose community-control sanctions. By virtue of the firearm specification, that sanction was enhanced by the addition of one year in prison. We follow *Hamm* and hold that a trial court does not violate the split-sentence doctrine by imposing a mandatory prison term for a firearm specification prior and consecutive to a community-control sanction on the felony offense underlying the specification. *See Hamm,* 2016-Ohio-2938, 65 N.E.3d 143, at ¶ 16; *Moore,* 2015-Ohio-1026, at ¶ 18 (E.T. Gallagher, concurring in judgment only).

**{¶ 65}** The final question we must address in this appeal is whether community control is authorized under R.C. 2929.15(A)(1). "'[T]he only sentence which a trial judge may impose is that provided for by statute * * *.'" *Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 12, quoting *State v. Beasley,* 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Our resolution of this question flows naturally from our resolution of the two issues we have just addressed.

**{¶ 66}** R.C. 2929.15(A)(1) states as follows, in relevant part:

> If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to [R.C. 2929.16, 2929.17, or 2929.18].

{¶ 67} As discussed above, the trial court was not required to impose a prison term or a term of life imprisonment for the underlying fourth-degree felony in this case and R.C. 2929.14(F)(8) does not require the imposition of a mandatory prison term for the underlying offense either. The mandatory prison term for the firearm specification was merely a sentencing enhancement. Therefore, the trial court was authorized to impose community-control sanctions under R.C. 2929.15(A)(1). *See Hamm* at ¶ 16–17; *Webb,* 1998 Ohio App. LEXIS 5460, at 12–14 (Karpinski, J., concurring in judgment only).

{¶ 68} Having found that (1) R.C. 2929.13(F)(8) did not require the trial court to impose a mandatory prison term on the offense of attempted having weapons while under disability, (2) the imposition of community-control sanctions on that offense was not an unlawful split sentence, notwithstanding that the trial court also imposed the mandatory term of imprisonment required because of the firearm specification and (3) R.C. 2929.15(A)(1) authorized the trial court to impose community-control sanctions on the underlying offense, we overrule the state's assignment of error.

## III. Conclusion

{¶ 69} Having overruled the state's sole assignment of error for the reasons stated above, we affirm. Having noted a clerical error in the court's sentencing journal entry, we remand this matter for the trial court to enter a corrected journal entry nunc pro tunc that correctly identifies that the mandatory prison term imposed for the firearm specification is to be served prior, and consecutive, to the

community-control term imposed on the underlying felony. *See, e.g., State v. Ketchum*, 8th Dist. Cuyahoga No. 109490, 2021-Ohio-1583, ¶ 34 (remanding for correction of a clerical error); *State v. Harper*, 8th Dist. Cuyahoga No. 111193, 2022-Ohio-3329, ¶ 14 (same); *State v. Pugh*, 8th Dist. Cuyahoga No. 111099, 2022-Ohio-3038, ¶ 10 (same).  Logan preemptively requested, in her appeal brief, that the Eighth District Court of Appeals order rehearing en banc after this panel renders its decision and, further, certify an interdistrict conflict to the Ohio Supreme Court after its en banc decision.  Now that this panel's decision has been rendered, any party may make appropriate motions allowed under the Rules of Appellate Procedure and this court's local rules, including but not limited to the rules for applications for en banc consideration set forth in App.R. 26.

{¶ 70} Judgment affirmed and remanded.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY